WALSH, LEONARD and JACKSON *v.* JASON C. PIERCE.

It is the duty of auditors to find all the facts which are necessary to found a judgment upon. They should never report the evidence for the court to draw any inference of fact. A deposition should never be made part of a report, for the purpose of stating the facts set forth therein. If the report of an auditor does not state sufficient facts, on which to found a judgment, or if they leave any thing uncertain, which becomes necessary for a recovery on either part, their report will be set aside.

THIS was an action of book account, in which there had been a judgment to account and auditors appointed, who reported as follows :

That in August 1832, plaintiffs were merchants in Albany ; that the defendant, at the same time and ever since, resided at St. Johns, Canada ; at the time aforesaid, one Hiram Pierce, then residing at Ogdensburgh, came to plaintiffs' store in Albany, pretending to be the agent of defendant, who then and at sundry times thereafter, pretending to be such agent of defendant, purchased the goods charged in plaintiffs' account, and directed the same to be charged to said defendant. The auditors also find that all the goods were charged in the plaintiffs' original book to defendant, and agreeably to the directions of Hiram Pierce, directed and forwarded to Jason C. Pierce, at Ogdensburgh. The auditors further report that they believe the facts stated in the deposition of Samuel M. Woodruff, to be true, and also state, that during the time the goods were obtained of plaintiffs in manner above stated, the said Hiram Pierce was doing business at Ogdensburgh, under the name and sign of Jason C. Pierce.

The form of entry and statement of the account was according to the accompanying paper, marked B.

The auditors further reported that if the court should be of opinion that, from the foregoing facts and the facts stated in the deposition mentioned, the plaintiffs are entitled to recover against the defendant, the sum due is $1575,14.

And the auditors further reported, that the paper hereto annexed, marked A is a copy of the account presented by Samuel M. Woodruff to said defendant, at St. Johns, L. C. stated in said deposition ; also that the paper hereto an-

.nexed, marked B, was presented to the auditors at the hearing by defendant's counsel, but no fact was proved concerning the same, except it was admitted to have been made out by plaintiffs.

The auditors found that the account mentioned in Woodruff's deposition, as having been presented to defendant, was the same upon which their report was made, and for the goods which were sent to Ogdensburgh.

B.

Jason C. Pierce, in account with Walsh, Leonard and Jackson.

| | | | | |
|---|---|---|---|---:|
| 1832, August 13 | .Sold J. C. Pierce of Ogdensburgh, 6 doz. C. S. H. S. files, and other items, to amount of - - - - - | | | $5992,11 |
| 1834, March 1. | Interest - - - - - - - | | | 181,11 |
| June 26. | Cash paid note - - - - - | | | 1000,00 |
| Aug. 30. | Cash paid two notes - - - | | | 1500,00 |
| | | | | $8673,22 |

*Cr.*

| | | | | | |
|---|---|---|---|---:|---:|
| 1833, March 25. | By bills, receivable, at 3 months | - - | 1000 | |
| | By bills, receivable, at 4 months | - - | 1000 | |
| 1834, May 31. | „ „ 2 months | | 1000 | |
| „ „ | „ „ 3 „ | | 1000 | |
| „ „ | „ „ 4 „ | | 500 | 4500,00 |
| | Balance due 18th July, 1834, | | | 4173,22 |

*Dr.*

| | | | |
|---|---|---|---:|
| 1836, Jan. 19. | Paid Reynolds & Woodruff, | | 60,00 |
| April 30. | Interest - - - - - - - | | 359,53 |
| | | | $4592,75 |

*Cr.*

| | | | | |
|---|---|---|---:|---:|
| 1835, Feb. 24. | By cash - - - | 1062,19 | |
| Sept. 14. | „ - - - - | 1157,10 | |
| Dec. 17. | „ - - - - | 919,82 | |
| 1836, April 30. | Balance due - - | 1453,64 | 4592,75 |

1836, May 1.   To balance due - - - - - -   1453,64
               Interest - - - - - - - -   122,50

                                          $1575,14

A.

Jason C. Pierce, in account, current, up to May, 1836, with
Walsh and Leonard.

To balance due 18th July, 1834 - - - -   4173,22
July 19.   Cash paid to R. & W. costs  - -   60,00
May 1.   Balance of interest account  - - -   359,53

                                          4592,75


Cr.

1835, Feb. 24.   By cash   - - -  1062,19
       Sept. 14.     „       - - -  1157,10
       Dec. 17.      „       - - -   919,82
1836, May 1.   Balance  due   - -  1453,64

                              4592,75

May 1, 1836.   Balance due, $1453,64.

Samuel M. Woodruff's deposition, referred to in the
foregoing report, was as follows :

That on the 23d April, 1834, the deponent called on
Jason C. Pierce at his residence in St. Johns, at the request
and as the agent of Walsh, Leonard and Jackson, and ex-
.hibited to said Pierce the account of said Walsh, Leonard
and Jackson, against him, amounting to upwards of four
thousand dollars, for goods, wares and merchandize, sold
and delivered to said Pierce, and asked said Pierce to pay
or secure the same ; that said Pierce examined said account
and replied that it was a just and true account ; that he was
not then in a situation to pay said account, or any part of
it, but that he would pay the same very shortly and within
a few months, or in words, in substance, to that effect.

That said Pierce gave to the deponent three notes at the
same time—one for one thousand dollars, payable in two
months from date, one for one thousand dollars, payable in
three months from date, and one for five hundred dollars,

payable in four months from date, and all dated the said 23d April ; that said notes were received by the deponent as collateral security for the above account, and were to be applied towards the satisfaction of said account, provided they were paid ; that the deponent did not know that said notes or either of them were ever paid.

The defendant excepted to the report, but the county court overruled the exceptions, and rendered judgment on the report for the plaintiffs, to which judgment the defendant excepted.

C. Adams, for defendant.

J. N. Pomeroy, for plaintiffs.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The account of the plaintiffs was submitted to auditors, who made a special report, submitting the case for the opinion of the court. The county court rendered judgment on the report, for the plaintiffs to recover ; to which exceptions were taken.

The auditors have found certain facts, and stated that they believe the facts stated in the deposition of one Woodruff, and made part of the case.

It is the duty of the auditors to find all the facts, and it is rarely, if ever, proper for them to submit the evidence on which they are found, unless it becomes necessary to present some question of law which cannot be otherwise presented than by referring to the evidence.

The depositions, used before them, should not be made a part of the case and encumber the records, unless it becomes necessary, for the purposes above mentioned. They never can ask the court, to whom the report is returned, to draw any inference of fact, because it is their own duty to do this.

In the case before us, the auditors have not found directly that any goods were ever sold by the plaintiffs to the defendant. They have detailed the evidence, which tends strongly to prove such sale, and possibly it may be said that the evidence is irresistible. They have proved that the goods mentioned in the account were purchased of the plaintiff by one Hiram Pierce, who pretended to be the agent of the defendant ; that they were charged to the defendant, and forwarded to Ogdensburgh, where Hiram Pierce was doing business under the name and sign of the defendant, and

CHITTENDEN,
January,
1839.
───────
Walsh et al.
v.
Pierce.
directed to the defendant at Ogdensburgh. From this evidence alone the defendant would not be made accountable. The auditors here present the deposition of Woodruff, and from what is there stated, they would have been warranted in coming to the conclusion, that Hiram was, in fact, the agent of the defendant, and that the goods were furnished to him. It may be remarked, however, that the deposition might be as consistent with the case supposed by the defendant in the argument, as with the one claimed by the plaintiffs. But, whatever inference was to be drawn from the deposition, it was an inference of fact which the auditors should have drawn, and not left it to the court. For these reasons alone, in my view, the report should have been recommitted or set aside.

But if we adopt the deposition of Woodruff as a part of the case, and suppose that the defendant said, in the language of the deposition, " that he would pay the amount " shortly, and within a few months, or in words in sub- " stance to that effect," (language, by the way, not very definite for a report or a special verdict,) it will still be impossible to find the amount due to the plaintiff, which is stated by the auditors. The acknowledgment of the defendant, as stated in the deposition, was made on the 23d of April, 1834, and, of course, could only apply to the account as it existed at that time. The facts in the deposition, if they are to be considered as part of the report, are, that the account was upward of $4000—how much we do not know. The auditors say the account by them returned, marked A, is a copy of the one presented by Woodruff. It may be, that a part of the account was thus presented, but it is obvious the whole of the account, marked A, could not then have been presented, as a very considerable part, both on the debit and credit side, is subsequent to the time when the account was thus presented. On the debit side there is a charge of cash paid note, under date of June 26, of $1000, and under date of August 30, of $1500. Nothing is presented in the report to sustain these charges. The parties may understand this, and the court may conjecture that the circumstances are as stated in the argument; but we have nothing to look to but the report of the auditors, and

that will not warrant us in saying that the charges have any relation to the notes.

It is unnecessary for us to say how the account should be stated, or what disposition should be made of the notes, if they remain unpaid. It is sufficient to say, that the facts, found by the auditors, including those stated in the deposition of Woodruff, are not sufficient to warrant a judgment for the plaintiffs.

The judgment of the county court must, therefore, be reversed, and the report set aside, and the case again referred to the auditors.