UTAH CONSTRUCTION COMPANY v. STATE
HIGHWAY COMMISSION
(No. 1773; March 13, 1933; 19 Pac. (2d) 951)

For the plaintiff and appellant there was a brief by *John W. Lacey, John U. Loomis, W. L. Walls* and *C. R. Ellery,* all of Cheyenne, Wyoming, and *A. E. Bowen,* of Salt Lake City, Utah, and oral arguments by *Mr. Lacey* and *Mr. Ellery.*

For the defendant in error there was a brief by *James A. Greenwood,* Attorney General; *Richard J. Jackson,* Deputy Attorney General; *George W. Ferguson,* Assistant Attorney General; *R. Dwight Wallace,* Assistant Attorney General; *M. A. Kline* and *W. O. Wilson,* all of Cheyenne, Wyoming, and oral arguments by Messrs. *Greenwood, Jackson, Ferguson, Kline* and *Wilson.*

*John W. Lacey, John U. Loomis, A. E. Bowen, W. L. Walls* and *C. R. Ellery,* in reply.

*James A. Greenwood,* Attorney General; *Richard J. Jackson,* Deputy Attorney General; *George W. Ferguson,* Assistant Attorney General; *R. Dwight Wallace,* Assistant Attorney General; *Marion A. Kline* and *W. O. Wilson,* all of Cheyenne, Wyoming, counsel for defendant in error and by supplemental brief.

414

KIMBALL, Chief Justice.

The plaintiff, Utah Construction Company, in its action against defendant, State Highway Commission of Wyoming, seeks to obtain a judgment for a large sum claimed as the balance due for performance of a highway construction contract. The appeal is by the plaintiff from a

judgment against it after its election to stand on its last amended petition to which a demurrer had been sustained.

Plaintiff's claim was first made the subject of an action in the Federal District Court. That action was dismissed when it was decided that it in effect was a suit against the state. 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262, reversing (C. C. A.) 23 F. (2d) 638, and affirming (D. C.) 16 F. (2d) 322. In the present action in the state court it is conceded that, as decided by the Federal Courts, the nominal defendant is only the arm or *alter ego* of the state, and that the claim on which recovery is sought is a claim against the state.

The contract is between the plaintiff and the State of Wyoming, ''acting through'' the defendant. The amended petition alleges that the contract contains this provision:

''The State Highway Engineer shall possess the right to make reasonable changes in the plans or character of the work, when in his judgment these may be desirable, but such changes shall not serve to increase the cost of the work to the contractor unless he receives suitable compensation therefor.''

It is alleged that changes thus contemplated by the terms of the contract, and which greatly increased the cost of the work to plaintiff, were made by the highway engineer, and the object of the action is to have a judgment for what the plaintiff alleges is suitable compensation for the increased cost caused by the changes.

The petition shows that the work under the contract was completed before November 10, 1924. The only allegation of presentation of the claim is that plaintiff, when the work was completed, ''presented to the defendant its bill and statement as to what plaintiff deemed would be suitable compensation under said changed plans, and that defendant refused to agree with the plaintiff as to what amount would constitute suitable compensation to the plaintiff [for its work under the changed plans], and

the defendant refused to allow the plaintiff any compensation additional to that which would have been required had the work been performed under the [original] plans.'' There are no allegations showing that the plaintiff's claim was ever presented to the state auditor or the state highway superintendent.

It is contended on behalf of the defendant that the petition is fatally defective in failing to show that the claim which is the basis of the suit was filed in time, or at all, with the proper auditing officer. The objection was made in the trial court by the demurrer which stated three grounds: (1) that the amended petition does not state facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the subject of the action, and (3) that the court has no jurisdiction of the person of the defendant.

The state constitution provides (Art. 16, § 7) that ''no bills, claims, accounts or demands against the state, or any county or political sub-division, shall be audited, allowed or paid until a full itemized statement in writing, verified by affidavit, shall be filed with the officer or officers whose duty it may be to audit the same.''

When the constitution was adopted the laws of the territory provided that the auditor should ''audit and settle all claims against the territory payable out of the treasury, except only such claims as may be expressly required by law to be audited and settled by other officers and persons.'' R. S. 1887, § 1695. Persons having claims against the territory were required to ''exhibit the same, with evidence in support thereof, to the auditor, to be audited, settled and allowed, within one year after such claim shall accrue, and not afterwards.'' Id., § 1704. In suits in behalf of the territory, no debt or claim could be allowed against the territory as a set-off, but such as had been exhibited to the auditor and by him allowed or disallowed, except only in certain stated circumstances. Id.,

§ 1705. The auditor in the settlement of an account could summon and examine witnesses under oath. Id., § 1706.

The constitution did not abrogate any of the foregoing territorial statutes and they remain in force (Const. Art. 21, § 3) as laws of the state. R. S. 1931, §§ 109-302, 109-305, 89-1020, 109-306.

Territorial laws apparently did not permit suits against the territory. The state constitution (Art. 1, § 8) provides that "suits may be brought against the state in such manner and in such courts as the legislature may by law direct." This provision is not self-executing (Hjorth Royalty Co. v. Trustees, 30 Wyo. 309, 222 Pac. 9), and the statute under which plaintiff claims the right to maintain this action is found in the act creating the state highway deparment. The department consists of the state highway commission and the state highway superintendent. § 52-101, R. S. 1931. The highway superintendent is the skilled executive officer of the department but not a member of the commission. The act provides for the letting of contracts for road construction, and that the commission may be sued "upon any contract executed by it." § 52-101. The state highway fund is kept by the state treasurer available for highway purposes, and "no warrant shall be drawn thereon excepting on voucher approved by the state highway superintendent." § 52-111.

Whether the state auditor or the state highway superintendent is the proper auditing officer of claims like that in suit is a question that may admit of some doubt. We accept the view advanced by plaintiff, that the state auditor is the officer whose duty it was to audit the claim, notwithstanding the provision of the statute (§ 52-111, supra) that requires such claims to be approved by the state highway superintendent. The authorities seem to support this view. State v. Wilder, 196 Mo. 418, 95 S. W. 396, 7 Ann. Cas. 158; State v. Hackmann, 276 Mo. 173, 207 S. W. 494. The point is probably immaterial, as the

418

petition fails to show that the claim was presented to either the state auditor or the highway superintendent.

Counsel for plaintiff stress the fact that the statute (§ 52-101) giving the right to sue on the contract contains no restrictions or conditions, and call attention to the familiar rule that if the language of a statute is plain and unambiguous, there is no room for construction. But this rule cannot be invoked to prevent the court from looking to other valid laws on the same subject. The sufficiency of the petition must be determined in the light of all laws affecting the right of plaintiff as one seeking to collect a claim against the state. The statute giving the right to sue the state highway commission on its contracts cannot be given a meaning that would permit an evasion of the mandatory constitutional provision (Art. 16, § 7) that prohibits the audit, allowance or payment of a claim until it has been filed with the auditing officer. The statute authorizing suit does not purport to repeal or modify Section 109-305, supra, requiring claims to be exhibited to the auditor within one year after they accrue "and not afterwards." See Goddard v. Boston, 20 Pick. 407.

We cannot agree that the plaintiff may comply with § 7 of Article 16 of the constitution by reducing his claim to judgment and then filing the judgment as a claim with the auditing officer. The judgment, to be of any value at all, must be a final determination of the amount the state ought to pay. The "claim" would be merged in the judgment. To hold that the plaintiff then could meet the requirements of the constitution by presenting his judgment for audit we would have to countenance the strange procedure of an administrative officer reviewing a judgment of a court.

Plaintiff cites Welsbach Co. v. State, 206 Calif. 556, 275 Pac. 436, as authority for holding that it may sue without having presented its claim for audit. We think the case is not in point. It does not show that the California con-

stitution requires claims against the state to be presented for audit. Apparently there was a statute requiring such claims to be presented to a state board. Another statute permitted suit against the state on claims "not allowed by the state board," but it was specifically provided that when judgment was rendered it should be the duty of the controller to draw a warrant for payment "without any presentation to or approval of such claim by the state board." There being in that state no constitutional obstacle, the legislature was free to except claims reduced to judgment from the operation of other statutes requiring the presentation of claims.

Cases decided under the laws of Idaho are more nearly in point. There the constitution (§ 18, Art. 4) provides for a board of examiners to examine claims against the state, and declares that no claims, except for salaries, shall be passed upon by the legislature without first having been considered and acted upon by the board. By another section (§ 10, Art. 5) of the constitution the Supreme Court has "original jurisdiction to hear claims against the state." A statute (§ 109, Idaho Rev. Codes) required claims against the state to be presented for audit by the board of examiners, within two years after they shall accrue, and not afterwards. Under these laws the Supreme Court of Idaho has called attention to the fact that the board of examiners derive their jurisdiction and authority from the same source as the court, and the court refuses to hear any claim against the state until it has been passed upon by the board of examiners. Pyke v. Steunenberg, 5 Ida. 614, 51 Pac. 614; Bragaw v. Gooding, 14 Ida. 288, 94 Pac. 438. The legislature of Idaho established, as an agency of the state, a normal school, and provided that its board of trustees "may sue and be sued." Although no condition was expressly attached to the right to sue the board of trustees, it was held that when a claim against the school was not allowed by its

board, it became the duty of the claimant to present his claim to the state board of examiners, and if there disallowed, to bring his action in the Supreme Court. Thomas v. State, 16 Ida. 81, 100 Pac. 761. It has also been held that under the statute requiring a claim to be presented "within two years after such claim shall accrue, and not afterwards," the board of examiners was without jurisdiction to consider a claim filed more than two years after it accrued. Davis v. State, 30 Ida. 137, 163 Pac. 373, Ann. Cas. 1918D, 911.

If we were to hold that the judgment in this case might be filed for audit as a claim against the state, it would be impossible to see how that could be done within one year after the claim accrued, as required by Section 109-305, supra. There can be no doubt that plaintiff's claim accrued not later than November 10, 1924, when the work under the contract was completed. While plaintiff in its petition has set forth its claim very fully, it nevertheless contends that the claim has not yet accrued and will not accrue until the "suitable compensation," mentioned in the contract, has been fixed by the judgment of the court. It cites cases holding that a cause of action in favor of a receiver to enforce the liability of shareholders of an insolvent corporation does not accrue until there has been a determination of the necessity of an assessment upon the shares of stock. These cases obviously have no bearing on the question of accrual of a claim for compensation for work that has been completed. It is argued that what is "suitable compensation" under the contract is a judicial question that must be determined by a judicial tribunal before the claim can be filed. The cases cited are in regard to the right to just or reasonable compensation for private property taken for a public purpose under the power of eminent domain. In such cases it is held, as in United States v. New River Collieries, 262 U. S. 341, 343; 43 S. Ct. 565-567, 67 L. Ed. 1014, that "the ascertainment

of compensation is a judicial function, and no power exists in any other department of the government to declare what the compensation shall be.'' The doctrine of these cases can have no bearing on the power of the state to impose conditions affecting the right to prosecute claims like that in the case at bar. The fallacy of plaintiff's argument on this point is clearly shown, however, by a further examination of eminent domain cases. While in the absence of agreement the amount of compensation may become a question for judicial determination, the legislature may prescribe reasonable regulations that make it necessary for the claimant to present his claim for compensation in advance of any agreement or judicial determination fixing the amount. Lewis on Eminent Domain (3rd Ed.), § 963; Dunlap v. Pulley, 28 Ia. 469; Rexford v. Knight, 11 N. Y. 308.

It is suggested that this court, in the case of State v. Snyder, 29 Wyo. 199, 212 Pac. 771, 30 Wyo. 468, 222 Pac. 40, has held that under Section 7 of Article 16 of the constitution a claim against the state need not be filed prior to suit. That was an action in mandamus against the state treasurer to compel him to reimburse a county for the amount of taxes lost to the county by reason of the soldiers' tax exemption law. The law required the county treasurer to submit to the state treasurer a certified copy of exemptions allowed by the county, and directed the state treasurer to reimburse the county. An appropriation of state funds had been made to permit a compliance with the act. The county treasurer had submitted to the state treasurer a certified copy of exemptions as required by the act, but no claim had been filed with the state auditor. The main purpose of the action was to obtain a decision as to the validity of the tax exemption act. We upheld the act, and our judgment (30 Wyo. 484) (222 P. 40, 45) required the state treasurer to act upon the county treasurer's certified statement, if

sufficient in form and substance, and upon determining the amount due the county, to procure and transmit a warrant therefor. We did not determine the amount due, and, as we construe our judgment, merely ordered the state treasurer to audit the claim and proceed to reimburse the county for the amount found to be due if within the appropriated fund. That case is to be distinguished from the present case upon one or the other of two grounds.

We did not decide whether or not the claim of the county against the state was a claim or demand within the meaning of Section 7 of Article 16 of the constitution. In 29 Wyo. at page 231, 212 Pac. 771-782, we said that the money appropriated to reimburse the county was public money whether in the state or county treasury, and by the statute was merely taken out of one public pocket or fund and put in another. That view was amplified in 30 Wyo. at pages 482-483, 222 Pac. 40, 44, and we there said further that the county's claim for reimbursement under the statute was not of the same class as an ordinary indebtedness or obligation of the state.

If the case is not distinguishable on the ground just mentioned, we think it is to be distinguished because it was there held that the state treasurer, to whom the claim had been presented, was the officer whose duty it was to audit the claim. 30 Wyo. 482-483, 222 Pac. 40, 44. That view is entirely consistent with the language of the decision and our judgment.

We see nothing in the nature of plaintiff's claim that prevented a presentation thereof as required by the constitution and statute. In the absence of a compliance with those laws, it is our opinion that an action on the claim cannot be maintained.

There remains for decision the question whether the presentation of such a claim is a condition precedent to the right to sue or merely a condition that affects the

exercise of the right. See, Town of Hudson v. Ladd, 37 Wyo. 419, 263 Pac. 703. In that case, it was contended that a petition in an action for damages against the town was fatally defective in failing to allege presentation of the claim before suit. The contention was based on Section 7 of Article 16, supra, of the constitution and a statute, now Sec. 22-1433, R. S. 1931. The statute provides for the verification and presentation of claims against towns, and prohibits the audit or allowance of claims not verified and presented as therein provided. The statute contains no express provision forbidding suit on a claim that has not been presented, and on the question under consideration adds nothing to the self-executing provision of the constitution. In that case we said that it is quite generally held that statutes of that kind must be complied with before bringing an action, whether the statute in specific terms prohibits the bringing of an action without compliance therewith or not. We assumed that if an objection had been raised in the trial court by demurrer or answer, the plaintiff could not have recovered. We held that, as the constitution and statute included all claims whether existing at common law or not, it evidently was intended to place the restriction upon the exercise of the right and not upon the right itself, and that the objection to the petition was waived by failure to raise it in the trial court.

Town of Hudson v. Ladd is relied on as authority for holding (1) that the filing of a claim with the auditing officer is not a condition precedent to the right of action; (2) that the condition could be waived by the state highway commission, and (3) that the failure to file the claim is a matter of defense that could not be raised by demurrer unless it affirmatively appears from the petition that the claim was not filed. That decision as to the effect of failure to present a claim against a town cannot be controlling in an action on a claim against the state. The state cannot be sued at common law. In the absence of a

permissive statute, a claim against the sovereign is not the subject of judicial cognizance. United States v. Clarke, 8 Pet. 436, 4368 L. Ed. 1001; Hans v. Louisiana, 134 U. S. 1, 10 S. Ct. 504, 33 L. Ed. 842. The objection that the plaintiff has failed to perform a condition that would have given him a right to sue raises a question of jurisdiction. Beers v. Arkansas, 20 How. 527, 15 L. Ed. 991. Where, for instance, a statute of limitations is applicable, it cannot be waived and need not be pleaded, but it becomes the duty of the court to dismiss the petition. Finn v. United States, 123 U. S. 227, 232, 8 S. Ct. 82, 31 L. Ed. 128.

As said in Buckles v. New York, 221 N. Y. 418, 423, 117 N. E. 811-812:

"The state being sovereign is immune from action by a private suitor except with its consent (citing cases). It is not like a municipal corporation against which an action can be maintained and over which the courts have jurisdiction irrespective of the conditions precedent which may be hedged around the commencement and maintenance of an action. On the contrary no claim can be litigated at all against the state, except by its permission. A valid cause of action may exist but the state's immunity prevents its enforcement. (Quayle v. State of N. Y., 192 N. Y. 47, 84 N. E. 583), supra. When, therefore, the legislature in granting permission to prosecute an action against the state required notice of intention to be filed, that condition must be complied with in order to subject the state to an action. As was said in Gates v. State of N. Y. (128 N. Y. 221, 228, 28 N. E. 373), supra: 'The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant.' Being thus a question of jurisdiction it could be raised at any time and could not be waived by any officer or authority representing the state.''

We are of opinion, therefore, that the filing of the plaintiff's claim with the auditing officer was a condition precedent that could not be waived, and as the petition does not show that the condition had been performed, the demurrer was properly sustained.

*Judgment affirmed.*

BLUME and RINER, JJ., concur.