## STATE EX REL. WATTS v. JACK, STATE AUDITOR

(No. 2236; April 28, 1942; 125 Pac. (2d) 165)

For the demurrer there was a brief and an oral argument by *J. A. Greenwood* of Cheyenne.

112

For the relator there was a brief and an oral argument by *A. D. Walton.*

Before Kimball, Justice; Tidball and Ilsley, District Judges.

ILSLEY, District Judge.

This is an original proceeding for a writ of mandamus. Briefly summarized, this petition recites that the relator, an attorney at law, was employed since March 10, 1941, by the Sales Tax Division of the State Board of Equalization, with the approval of the Board of State Supplies, at a salary of $100 per month for forenoons and $5.00 for each additional half-day, plus traveling expenses, and that he has been regularly paid to and including December, 1941, with the approval of the State Auditor, who is defendant herein. That the defendant refused to approve relator's $100 voucher for January, 1942, salary, and an expense voucher for auto travel in November, 1941, for $6.12, for the reason that relator's services were of a legal nature in his capacity as a lawyer, which placed the Board, the Attorney General and the Auditor's office "squarely up against" Section 13, Chapter 102, of the 1937 Session Laws:

"* * * It shall be the duty of the attorney general and any county attorney to represent the Board in all legal matters relating to the enforcement, construction, application and administration of this Act, and in any litigation which may be instituted by the Board and in which it may become involved, upon the order and under the direction of the Board."

The defendant auditor states that if all of relator's services were legal, the claim would not be a charge against the Sales Tax contingent, but more properly payable from one of the several funds coming under

the jurisdiction of the Attorney General; that care should be taken in itemizing the various services rendered by relator, and that services other than legal might be properly paid out of the Sales Tax Contingent for 1941.

The Attorney General complied with a request for an opinion by the Chairman of the Board of Equalization, in which he stated that no further itemization was necessary inasmuch as the Board of State Supplies had authorized the employment of relator as an attorney for the Sales Tax Division. The defendant State Auditor, on February, 1942, approved the voucher, and drew two warrants—one for $100 and one for $6.12—both payable to relator upon the "Attorney General's special contingent for 1941," (Sec. 10, ch. 132, Sess. Laws 1941) without the approval of the Governor or the Attorney General. Whereupon, the bank and the State Treasurer—being advised that the warrants were unlawfully drawn on the wrong fund—refused to pay the same and thereupon the warrants were returned to the defendant with the request that they be drawn upon the "Sales Tax Contingent (1941) fund," which defendant refused to do.

The petition alleges that the defendant contends that, as State Auditor, it is his duty to determine the fund upon which warrants may be legally drawn and unless decided to the contrary by this Court, the defendant will be drawing warrants in payment of salaries of State employees promiscuously out of any fund he desires, contrary to law; that there has been sufficient funds at all times in the Sales Tax Contingent (1941) fund with which to pay the warrants of relator; that relator is still employed as an attorney and has not been paid his salary; that defendant's refusal to audit and draw warrants upon this fund is illegal, unlawful and arbitrary; and that relator has no plain, adequate

remedy in the ordinary course of law. The petition prays for a writ of mandamus directing defendant to approve for payment the two warrants out of the Sales Tax Contingent (1941) fund, Sec. 53, ch. 132, Sess. Laws, 1941.

This Court issued an alternative writ of mandamus, the defendant appeared by his counsel and interposed a demurrer to the effect that the petition does not state facts sufficient to constitute a cause of action in favor of relator and against the defendant.

This situation requires an appraisal of the law as set forth in the various statutes with respect to the duties of the defendant as State Auditor. It must be remembered that by an act of 1919, and supplementary act of 1931, Wyoming adopted the Budget system, which is a comprehensive law designed to provide for the appropriation and expenditure of money in accordance with budget estimates. It is contained in Chapter 16, of the Wyoming Revised Statutes, 1931.

The relator contends that the State Board of Equalization, of which the Sales Tax Division is a part, is given authority to "* * * appoint such experts, assistants, clerks and stenographers as may be necessary * * *" under Section 115-508, Wyo. R. S. 1931. That the Board of State Supplies approved the employment of relator and notified the defendant of the same under Section 103-309, Wyo. R. S. 1931:

"The board of state supplies shall determine the character and number of employes in all state offices, departments, boards and institutions located at the capitol and shall fix the salaries or wages of such employes, and may so far as practicable regulate the conditions of employment with a view to securing as much uniformity as practicable."

Attention is also directed to Chapter 134, Session Laws, 1933, which defines the duty of the Board of

State Supplies. However, the Budget law is designed to govern the expenditure of moneys appropriated. Section 103-309, Wyo. R. S. 1931, was enacted in 1919. Section 9, Chapter 132 of the Session Laws of Wyoming, 1931, (R. S. 1931, Sec. 16-119) provides that:

"After the approval of any appropriation by the Legislature, * * * it shall be unlawful to expend any such appropriation or any part thereof except in accordance with such estimate or the specific appropriation thereunder unless the same be revised with the approval of the Governor in writing."

Certainly this later provision of law controls the manner of spending the money appropriated by the Legislature. The approval of relator's employment by the Board of State Supplies under section 103-309, supra, could not require defendant to order payment of the vouchers in question unless authority therefor can be found in the appropriation act itself, or in the budget estimates on which the act is based, or in some lawful revision or amendment of the budget estimates. See Sec. 60, ch. 132, Sess. Laws, 1941, quoted below.

It is further contended that the defendant, having issued warrants for the payment of the salary of relator for ten months, it is therefore well established that the relator is lawfully hired and is entitled to receive his pay. As was stated in Utah Construction Co. v. Commission, 45 Wyo. 403, 418, 19 P. (2d) 951, 953:

"The sufficiency of the petition must be determined in the light of all laws affecting the right of plaintiff as one seeking to collect a claim against the State."

It is the fundamental law that "moneys shall be paid out of the treasury only on appropriations made by the Legislature and in no case otherwise than upon warrant drawn by the proper officer in pursuance of law." Article 3, Section 35, Wyoming Constitution. It is provided in Section 7, Article 16: "No money shall be paid

out of the state treasury except upon appropriation by law on warrant by the proper officer." See State v. Underwood, 54 Wyo. 1, 34, 86 P. (2d) 707, 717; McDougall v. Land Commissioners, 48 Wyo. 493, 502, 49 P. (2d) 663, 666.

We have searched the 1941-1942 Official Wyoming State Budget, submitted to the 26th State Legislature by the Governor, and fail to find any request in the detail of estimate requirements for attorney fees or legal assistance. Five Hundred Dollars for extra assistance is requested, but if relator makes claim upon this, it has long since been used up by warrants previously paid to him.

The Contingent appropriated by the Legislature for the Sales Tax Division amounted to $140,000. Sec. 53, Ch. 132, Sess. Laws, 1941. This Act does not make provision for attorney or legal fees or services.

A request was made in the official Wyoming State Budget for 1939-1941, submitted to the 25th Legislature by the Governor for the Sales Tax Division of the State Board of Equalization in this language:

"The Board also feels that employment of an attorney to handle all legal matters in connection with the administration of the Sales and Use Tax Acts would result in a more efficient handling of the Division and is something to which consideration should be given."

The Legislature did not act upon this request and we can only conclude that it intended that the last paragraph of Section 13, Chapter 102, Session Laws, 1937, known as the "Selective Sales Tax Act," should govern, which provides:

"It shall be the duty of the Attorney General and any County Attorney to represent the Board in all legal matters relating to the enforcement, construction, application and administration of this Act, and in any litigation which may be instituted by the Board and in

which it may become involved, upon the order and under the direction of the Board."

It seems to us that by this provision of law, the duty of representing the State Board of Equalization, including the Sales Tax Division, in all legal matters is placed upon the Attorney General and the County Attorneys through the state. At least, until provision is made by appropriation or otherwise for the payment of those engaged in legal activities.

Argument is made that in the absence of a statute specifically stating that no other attorney may represent a board or department; that such board or department may employ and be represented by an attorney not connected with the Attorney General's office. Counsel cite the general principles of law to support this contention and place great reliance on State v. Davidson, 33 N. Mex. 664, 275 Pac. 373. However well founded the principles there stated may be in New Mexico and without analyzing that case in detail, we have a much different situation in the instant case. Here we are confronted with the fact that there is a provision of law requiring the Attorney General and County Attorneys throughout the state to represent the Board in all legal matters relating to the enforcement of the provisions of the Selective Sales Tax Act. Furthermore, no provision was made in the Budget, and no appropriation made available out of which an attorney for the Sales Tax Division could be paid. It is true that Section 60, Ch. 132, Sess. Laws, 1941, provides:

"In order that there may be a reasonable degree of flexibility in the expenditures of appropriations authorized by this Act, any officer, department, board or state institution, including the University of Wyoming, may, during the biennial period for which such appropriation is made, apply in writing to the Assistant Budget Officer for an amended classification of the pur-

poses to (for) which such appropriation may be expended. If the Assistant Budget Officer approves the application, he shall endorse the same and transmit it to the Governor, who shall endorse thereon his approval or disapproval, and return the same to the Assistant Budget Officer. * * *"

It may be that the Budget officers, by procedure under this section, could authorize payment of relator's salary and expenses by making an appropriate "amended classification of the purposes" for which an appropriation has been made. This method has not been pursued, and the question is not before us.

With respect to the defendant's contention that the warrants should be paid out of the special contingent of the Attorney General, we cannot agree. The General Appropriation Act contained in Chapter 132, Sess. Laws, 1941, under Section 10, does provide:

"Special Contingent, Six Thousand Dollars ($6,000). For pending litigation, to be expended only with the consent and approval of the Governor. (Approved for $5,500)."

However, "no consent and approval by the Governor" for such payment has been obtained and the defendant, without it, would have no authority to approve and issue warrants to the relator in payment of his services from that fund.

For the reasons stated, the demurrer of defendant will be sustained, the alternative writ quashed, and the case dismissed.

KIMBALL, J., and TIDBALL, District J., concur.