OCTOBER TERM, 1945

E. O. PRICE, *Plaintiff in Error,*

vs.

STATE HIGHWAY COMMISSION OF WYOMING,
J. R. BROMLEY AND TIMOTHY D. DALY,
*Defendants in Error.*

(No. 2333; March 26th, 1946; 167 Pac. (2d) 309)

386

388

For the plaintiff in error the cause was submitted on the brief of Mr. Fred W. Layman of Casper, Wyoming.

For the defendants in error the cause was submitted on the brief of Louis J. O'Marr, Attorney General, Hal E. Morris, Deputy Attorney General, Frank M. Gallivan, Assistant Attorney General, all of Cheyenne, Wyoming, and Robert R. Rose of Casper, Wyoming, and oral argument by Mr. Morris and Mr. Rose.

390

## OPINION

RINER, Justice.

These proceedings in error question the propriety of a final judgment of the district court of Natrona County, sustaining demurrers to an amended petition and thereupon dismissing the action in which these were filed, with prejudice. The parties will be hereinafter mentioned usually, E. O. Price as the "plaintiff" the State Highway Commission of Wyoming, J. R. Bromley and Timothy D. Daly, as the defendants; the word "Commission" will also conveniently refer to the State Highway Commission of Wyoming, and surnames will be used for the individual parties when mentioned separately.

The action aforesaid was commenced October 25, 1944; the amended petition with which we are here concerned was filed May 22, 1945. Summarized its material substance is as follows:

After averments reciting the legal creation of the Commission in the year 1927 and that it was authorized "to maintain all state highways of the State of Wyoming and to sue and be sued" it is stated that Highway No. 20 as a state highway extends in part from Glenrock, Wyoming, to the city of Casper, and the commission, through its Superintendent, Bromley, employed and directed the defendant, Daly, "to operate one of its trucks westerly along said Highway No. 20, on his right hand side of said highway, on March 13, 1944,

dragging behind said truck a snow board for the purpose of removing snow then upon said highway"; that on that date, about 2:30 P. M., Daly operated this truck and snow board a few miles west of Glenrock at a speed of fifteen miles per hour on said highway when the "countryside for miles around and said highway was covered with loose snow and a wind was blowing, creating a ground blizzard with visibility variable and the movement of said truck and snow under said conditions caused a cloud of snow to rise up behind said truck, making said truck invisible and indistinguishable from the snow on the highway and countryside to overtaking vehicles"; that defendants knew or ought to have known that thus operating the truck under such conditions was dangerous to persons driving motor vehicles on said highway and made said truck and snow board invisible to overtaking vehicles; that defendants placed no warning signals on the truck and snow board being thus operated; that this truck was not operated so as not to impede the normal movement of traffic in violation of Sec. 29 of Ch. 126, L. of Wyo., 1939; that these acts of the defendants constituted negligence which proximately caused the accident, injuries and damages to plaintiff hereinafter described.

That plaintiff drove his automobile about 2:30 P. M. on March 13, 1944, westerly along said highway on his right side, between Glenrock and Casper, at a speed not exceeding thirty-five miles per hour; that while so driving, a few miles west of Glenrock "his car was suddenly enveloped in a cloud of snow created by said defendants as aforesaid, and before he could stop his vehicle the same collided with the rear end of said truck of said Highway Commission then operated by said defendant Daly"; that this collision was caused by the negligence of defendants as above charged; that his car was "totally demolished" and plaintiff received injuries which are then described as also are his alleged damages all of

which are set out in detail. It is finally stated "that a claim for damages was submitted to defendant State Highway Commission of Wyoming".

To this pleading the Commission filed, on May 31, 1945, a separate demurrer upon the grounds:

"1. The court has no jurisdiction of the person of the defendant, State Highway Commission of Wyoming,'or the subject of the action.

"2. That there is a misjoinder of parties defendant.

"3. That the Petition does not state facts sufficient to constitute a cause of action against the defendant, State Highway Commission of Wyoming."

The individual defendants also each filed separate demurrers identical in terms with that of the Commission except that the names of Bromley and Daly were severally substituted where the name of the Commission appears.

These demurrers were argued before the court and under date of June 25, 1945, a formal judgment, as stated above, was rendered and on June 27, following, the same was duly entered. After directing that the demurrers aforesaid be sustained the judgment recites "And it appearing to the court that no showing has been made by plaintiff that he has a meritorious claim against the defendants or either of them, and the court being satisfied upon consideration of plaintiff's original petition and arguments on defendants' demurrers thereto heretofore had, and plaintiff's First Amended Petition, that no meritorious claim can be alleged; IT IS CONSIDERED, ORDERED AND ADJUDGED that plaintiff's action be, and the same is hereby, dismissed with prejudice to the comencement and prosecution of any other action against defendants, or any of them, upon the matters alleged in plaintiff's Petition and First Amended Petition". Costs were awarded the

defendants. Plaintiff was allowed the usual exception to this action of the court. Certain provisions of the law of this state are material to be considered and they are here given as follows:

Sec. 8 of Art I of the Constitution of Wyoming, declares that:

"All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

Sec. 7 of Art. XVI of that instrument provides in part:

"* * * no bills, claims, accounts or demands against the state, or any county or political sub-division, shall be audited, allowed or paid until a full itemized statement in writing, verified by affidavit, shall be filed with the officer or officers whose duty it may be to audit the same."

Correlative with the constitutional provision last quoted is § 109-305, W. R. S. 1931, which provides:

"Persons having claims against the state shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within one year after such claim shall accrue, and not afterward."

Sec. 52-101, W. R. S. 1931, (L. of Wyo. 1927, Ch. 61, § 1) provides in part:

"There is hereby created a state highway department to consist of a state highway commission and a state highway superintendent. The said commission shall consist of five state highway commissioners, who shall biennially elect their chairman. The said commissioners shall be appointed by the governor by and with the advice and consent of the senate and each shall serve for the term of six years. * * * The commission shall have the power to sue in the name of the 'State High-

way Commission of Wyoming,' and may be sued by such name in the courts of this state and in no other jurisdiction upon any contract executed by it."

The first paragraph of Sec. 29 of Ch. 126, L. of Wyo., 1939, reads:

"No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

With that paragraph should be read and construed subdivision "(d)" of § 10 of the same chapter to this effect:

"The provisions of this Act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work."

It is contended for the Commission that this action is one against the State of Wyoming and as such may not be maintained so far as the Commission is concerned. Counsel for plaintiff concedes the elementary legal principle that a suit against a state does not lie unless an appropriate statute allows such procedure. See Utah Construction Company vs. State Highway Commission, infra.

It is suggested for the plaintiff that as the Commission has taken out certain insurance on its motor vehicles the rule in this case should be different. But the Commission cannot give consent to what the law does not permit, and it is to be observed besides there is nothing in the record before us which can be construed as presenting such a question.

The Supreme Court of the United States, in State Highway Commission of Wyoming vs. Utah Construction Company, 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262, held that a suit by a Utah contractor against the

Commission upon a contract between those two parties was one "in effect against the State of Wyoming". The court pointed out that:

"The state acting through the highway commission, as it might through any officer, became a party to the original agreement and obligated herself thereby. Neither the commission nor any of its members assumed any direct or personal responsibility. * * * The commission was but the arm or alter ego of the state, with no funds or ability to respond in damages."

This court, in Utah Construction Company vs. State Highway Commission, 45 Wyo. 403, 19 Pac. 2nd 951, with the case last cited before it, adopted the same view. It was decided also in that case in this court that a claim against the Commission, as a claim against the state, was required to be presented to the state auditor as directed by law and that such presentation was a condition to the right to sue the commission even upon a contract.

The instant action is one not upon a contract but one based upon alleged negligence, i. e., a tort. Generally speaking and without undertaking in the least an all inclusive definition a tort has a meaning somewhat similar to wrong and is an unlawful act injurious to another independent of contract. The injury may be either by nonfeasance, malfeasance or misfeasance. Philadelphia & Havre de Grace Steam Towboat Co. vs. Philadelphia W. & B. R. Co., 19 Fed. Cas. 474, 475. Underhill on Torts, 6th Ed. p. 5.

It is quite clear from the constitutional and statutory provisions quoted above that this state has never given its consent that it or the Commission might be sued for a tort. But even if it had it is apparent also that the plaintiff's pleading is additionally defective in that no presentation of his claim to the state auditor as required by law was ever made. The demurrer was, accord-

ingly, properly sustained so far as concerns the Commission. We do not deem it necessary to cite additional authorities aside from those given above or to discuss this phase of the case further.

The maintenance of all state highways is by law placed "under the supervision of the Commission and the State Highway Superintendent". § 52-105, W. R. S. 1931. Plaintiff's pleading substantially so states, as we have seen. It needs no citation of authority to deduce that the removal of snow from a highway is essential to its proper maintenance.

It is stated upon ample authority in 43 Am. Jur. 85, § 273, that:

"As a rule, a public officer, whether judicial, quasi-judicial, or executive, is not personally liable to one injured in consequence of an act performed within the scope of his official authority, and in the line of his official duty. In order that acts may be done within the scope of official authority, it is not necessary that they be prescribed by statute, or even that they be specifically directed or requested by a superior officer, but it is sufficient if they are done by an officer in relation to matters committed by law to his control or supervision, or that they have more or less connection with such matters, or that they are governed by a lawful requirement of the department under whose authority the officer is acting."

It is perfectly clear that the act of Highway Superintendent Bromley in directing the employee Daly to use a truck and snow board to remove snow from the highway was within the scope of the superintendent's "official authority and in the line of his official duty". The situation presented was one where the entire country-side through which the highway in question passed was covered with loose snow and a wind was blowing. It is common knowledge that under such conditions if a highway is not kept free of snow in this state it is

very likely to become blocked and impassable, something it was the duty of the officer and his agents to prevent if at all possible. The fact that the operation of the truck and snow board conducted under such unusual circumstances raised a cloud or clouds of loose snow behind the vehicle, the cloud being augmented by the wind, is no reason for imposing liability on the officer and his employee. As well urge that firemen should be liable for water damage caused by them in extinguishing a fire.

It is said that the cloud of snow surrounding the truck as a result of its operation made it invisible to overtaking vehicles. In others words, that the plaintiiff could not see the truck but could see the cloud of snow which enveloped it.

In Trainer et al., vs. Interstate Construction Company, 187 Wash. 142, 60 Pac. 2nd 7, this was said:

"The question to be first considered is whether Mr. Hoyt was guilty of contributory negligence, as a matter of law, in not stopping his automobile when the visibility of the road was completely destroyed. The general rule is that, when this condition exists, it is the duty of the driver of the automobile to stop. Hammond v. Morrison, 90 N. J. Law, 15, 100 A. 154; Greenland v. City of Des Moines, 206 Iowa, 1298, 221 N. W. 953; Huddy, Cyclopedia of Automobile Law (9th Ed.) vol. 3-4, p. 243; Blashfield, Cyclopedia of Automobile Law and Practice (Permanent Edition) vol. 1, p. 583, § 785."

To the same effect see Pryor vs. Safeway Stores, Inc., et al., 196 Wash. 382, 83 Pac. 2nd 241.

The Supreme Court of Vermont, in Taylor vs. Quesnel, 11 Vt. 36, 29 Atl. 2nd 812, considered the action of the plaintiff in that case in continuing to drive on and over a highway at twenty to twenty-five miles an hour when his vision was obscured by flying snow at night with the result that he collided with a vehicle moving

in the same direction and caused the damage for the recovery of which he sued. Holding that plaintiff was guilty of contributory negligence a judgment in his favor was reversed and one for the defendant ordered. The court said:

"There is nothing in this case to exempt the plaintiff from the operation of the rule that where the vision of the driver of an automobile is obscured whether by the lights of an approaching car, fog, smoke or for any other reason, it is his duty to stop until visibility is restored, or to reduce his speed and have his car under such control that he can stop immediately if necessary. French v. Nelson, 111 Vt. 386, 391, 17 A. 2d 323; Powers v. Lackey, 109 Vt. 505, 507, 1 A. 2d 693; Palmer v. Marceille, 106 Vt. 500, 508, 175 A. 31; Steele v. Fuller, 104 Vt. 303, 311, 312, 158 A. 666."

In the case at bar we think it evident that plaintiff's negligence proximately contributed to the accident detailed in his amended petition. Instead of stopping or reducing the speed of his car so as to have the vehicle under such control that he could stop immediately if necessary he drove into the cloud of snow where he could not see and the accident followed. The highway truck was proceeding at a speed of fifteen miles per hour. Plaintiff was, of course, driving faster than that and his pleading only tells us "not exceeding thirty-five miles per hour". However, the speed of plaintiff's car was such that it "was totally demolished" by the collision. Plaintiff wholly failed to obey the law governing vehicles on the highway under the circumstances in which he was placed.

Complaint is made that defendants placed no warning signals indicating the presence or operation of the truck aforesaid and snow board. It is common knowledge that under such circumstances as are disclosed by plaintiff's pleading the Commission endeavors to keep the arterial highways of this state—of which Highway

No. 20 was one—clear of snow. Indeed, as already intimated, it was the Commissioner's duty to do just that under the law. The conditions prevailing as alleged in plaintiff's pleading were in themselves a sufficient warning that road clearing operations might be encountered. It may be remarked also that if the plaintiff failed to slow or stop his car when faced on the highway, itself, with a cloud of snow which rendered the roadway immediately in front of him invisible, it is difficult to perceive what a warning signal placed along the roadside would have accomplished if one had been set. Again, as plaintiff followed the truck and snow board he must have found the snow cleared from the highway imediately in front of him as he proceeded. This, too, was a plainly visible and constant warning that snow removal equipment was in operation just ahead. This warning he also disregarded.

Something is said about the highway truck not being operated at the time of the accident at a speed so as not to impede or block normal or reasonable movement of traffic in violation of Sec. 29, Ch. 126, L. of Wyo., 1939, supra. Conditions on the highway were obviously far from normal when the collision occurred. Additionally, it is evident that the truck was "actually engaged in work upon the surface of the highway" and consequently under the provisions of subsection "(d)" of Sec. 10 of said Ch. 126, quoted above, Sec. 29 of that chapter is inapplicable here.

The demurrers of the defendants Bromley and Daly were also properly sustained and the judgment of the district court of Natrona County should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.