LILLIAN GRANT ELLIS,
*Plaintiff and Appellant,*

vs.

WYOMING GAME and FISH COMMISSION, et al.,
*Defendants and Respondents.*

(No. 2648; August 2nd, 1955; 286 Pac. (2d) 597)

Heard before Riner, Chief Justice; Blume, Justice; and Parker, District Judge.

For the plaintiff and appellant, the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., both of Lander, Wyoming, and oral argument by John J. Spriggs, Sr.

For the defendants and respondents, the cause was submitted upon the brief of Howard B. Black, Attorney General, Paul T. Liamos, Jr., Deputy Attorney General, James L. Hettinger and Robert A. McKay, Assistant Attorneys General, all of Cheyenne, Wyoming, and W. A. Smith, County and Prosecuting Attorney, Fremont County, Wyoming, of Lander, Wyoming, and oral argument by Mr. Black.

## OPINION

PARKER, District Judge.

Appellant, plaintiff below, brought action against the Governor, State Game Commissioner, State Game Warden, two wardens, the Wyoming Game and Fish Commission and the members thereof in their official capacity and also as individuals. The petition alleged, inter alia, that plaintiff owned certain lands in Fremont

County, that she trapped and destroyed ten beaver which had been damaging her property and stored the pelts in a storeroom in Lander, Wyoming, and that defendants, without right, seized the pelts. Plaintiff prayed for $10,000 actual damages, and $5,000 punitive damages from each of the defendants.

This appeal presents one question to the court: May a state agency or commission be sued without first securing the consent of the state?

It may be noted at the inception that any right to injunctive relief is eliminated from consideration in this court, such relief being granted by the lower court.

After some preliminaries in the district court, a special demurrer was filed by the Wyoming Game and Fish Commission on the ground that the agency and the members in their official capacity were immune from the suit and that the court was without jurisdiction. This demurrer was sustained and the matter has been appealed to this court. The situation as to the individual liability of defendants was not resolved, and the lower court specifically overruled the defendants' demurrer as it related to injunctive relief. Appellant has urged various points of constitutional and statutory interpretation.

The basic question herein raised is: Does a suit against an agency of the state, engaged in a governmental function, lie, without the consent of the state?

This court in the past has had occasion to comment on the subject in several cases. In Hjorth Royalty Co. v. Trustees of University, 30 Wyo. 309, 313, 222 P. 9, the court says:

" * * * no suit can be maintained against the state until the Legislature has made provision therefor * * *"

In Utah Const. Co. v. State Highway Commission, 45 Wyo. 403, 417, 19 P. 2d 951, 952, the court says:

"The state constitution (article 1, § 8) provides that 'suits may be brought against the state in such manner and in such courts as the legislature may by law direct.'"

In Price v. State Highway Commission, 62 Wyo. 385, 396, 167 P. 2d 309, 312, the court says:

"Generally speaking and without undertaking in the least an all inclusive definition, a tort has a meaning somewhat similar to wrong and is an unlawful act injurious to another independent of contract.   *   *   *

It is quite clear from the constitutional and statutory provisions quoted above that this state has never given its consent that it or the Commission might be sued for a tort."

In the case of Harrison v. Wyoming Liquor Commission, 63 Wyo. 13, 32, 177 P. 2d 397, 402, the court says: "   *   *   *   it is generally held, and almost without dissent, that a suit against an agency of the state engaged in a governmental function does not lie without the state's consent."

In view of the positive, unequivocal past holding of this court, little will be accomplished by here pursuing a further study of these cases. The rule is clear and unmistakable. If the legislature desires law to the contrary, it will so state.

Appellant has relied in oral argument upon the case of State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So. 2d 868. A study of the case shows it to be a suit against the State Road Department of Florida to restrain continuing of a trespass by water raised by the building of a bridge and fill. Since there was no element of damages in the Tharp case, we think the holding is not in point here. Certain views therein expressed do, however, as dicta, present an interesting

philosophy which probably forms some of the basis for the rule which exists quite generally and especially in this State.

"The doctrine of the nonusability of the State rests on public policy and should be liberally construed to effectuate the purpose for which it was designed. If the State could be sued at the instance of every citizen, the public service would be disrupted and the administration of government would be bottlenecked." (State Road Department of Florida v. Tharp, 146 Fla. 745, 747, 748, 1 So. 2d 868, 869.)

The judgment is affirmed.

*Affirmed.*

RINER, C. J., and BLUME, J., concur.

## ON PETITION FOR REHEARING

An application for rehearing was filed in this case and was denied without Opinion on November 8, 1955.