Ross HAMBLIN, Appellant (Plaintiff below),

v.

Ray ARZY and Robert Sexton, Appellees (Defendants below).

No. 3798.

Supreme Court of Wyoming.

Aug. 4, 1970.

Walter Scott, Laramie, for appellant.

Donald H. Hall, Special Asst. Atty. Gen., Cheyenne, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff Hamblin filed a complaint against defendants Arzy and Sexton for conversion of four animal pelts and a snow machine allegedly valued at $1212, seeking actual damages in that amount and $5000 punitive damages. Defendants moved to dismiss on the grounds that the complaint failed to state a claim, that a suit in tort does not lie against an officer or employee of the State if he is acting in his official capacity unless a statute permits, and that no claim had been filed by plaintiff with the State Auditor.

Plaintiff thereafter moved for a default and summary judgment, stating in his supporting affidavit the occurrences upon which the action was based. Each of the defendants presented his affidavit together with the affidavits of the district game superintendent and the county and prosecuting attorney, all relating to aspects of the occurrences out of which the litigation arose.

The trial court heard argument and, apparently electing to proceed under Rule 12 (c), W.R.C.P., treating defendants' motion to dismiss as one for a summary judgment and considering the information contained in the various affidavits, entered an order dismissing plaintiff's complaint, from which order this appeal has been taken.

The facts as disclosed by the affidavits are not in substantial dispute: significantly that Sexton, flying on an elk count, observed a bloody area with snow machine tracks leading to a logging camp, investigated and questioned all persons at the camp, taking the pelts here in issue, which were found hanging in a tree at the camp, as well as a sack of elk hides found nearby; the next day, after having talked with the Albany County and Prosecuting Attorney, Sexton and Arzy returned to the logging camp and took two snow machines, one being that in question here—all without a search warrant or an arrest.

Although plaintiff in brief and argument makes some suggestion that the

**934**

court improperly failed to rule favorably on *his* motion for summary judgment, he fails to present any support for such thesis. He argues generally and without specifics that the property was seized without a warrant; that under the provisions of § 23–24, W.S.1957, C. 1967, which must be strictly construed, the search was not authorized in this instance; that the State officers acted without legal authority, consequently being liable civilly to the plaintiff as individuals; and that the action was not one against the State.

Defendants counter, urging that a suit in tort does not lie against officers of the State for action undertaken by them in the performance of their duties; that the defendants were game wardens who were acting under direct instructions from the county attorney and within the scope of their duties under § 23–24, which authorizes such searches and seizures as was made in this instance; and further, the plaintiff's contending that his motion for default and summary judgment should have been sustained was not an appealable issue.

█ Unfortunately, much of the argument in the briefs of both litigants is directed to generalities regarding search and seizure and to the immunity of the State so as to be of little assistance in determining (1) that the taking of the property was or was not within the permission purported to be granted by the provisions of § 23–24 and (2) that the defendants were or were not within the meaning of the constitutional provisions of Art. 1, § 8, Wyo.Const., which in effect prevents suits against the State unless they are specifically authorized by the legislature. Nothing is addressed to the point of whether or not the search without warrant purportedly allowed by § 23–24 relates to other than wild life or may be construed to authorize its seizure without knowledge of the unlawfulness of the taking. Such hiatus becomes important when we consider plaintiff's contention that officers who act in excess of authority are not protected by State immunity. The bald assertion that the defendants were so act-

ing is unsupported by any cited precedent. In that regard, plaintiff's argument is little clarified by reference to Heiser v. Severy, 117 Mont. 105, 158 P.2d 501, 160 A.L.R. 319, wherein the suit for recovery of a confiscated gun was against persons acting as Montana State Game and Fish Commissioners, rather than as individuals and the court, holding defendants to be immune, ordered the complaint dismissed, pronouncing only the general rule that public officers acting in good faith within the scope of their authority are not liable in tort and incur liability only if they go outside the scope of their duties. Similarly, the case of White v. Towers, 37 Cal.2d 727, 235 P.2d 209, 28 A.L.R.2d 636, a malicious prosecution action growing out of charged violations of the Fish and Game Code, is cited merely for the oracular principle that a public officer is liable for acts done outside the scope of his authority. Thus, plaintiff's counsel makes no concrete showing by precedent or otherwise that the acts of the defendants here alleged are outside the scope of their authority as wardens. It is true that plaintiff suggests the lack of constitutionality of § 23–24, but he fails to develop the idea, and constitutional questions are too important to be answered at random, unless fully presented. Tharp v. Unemployment Compensation Commission, 57 Wyo. 486, 121 P.2d 172, 178.

Passing to the arguments of defendants, we find them to be equally limited in their helpfulness. Their principal references are to Ellis v. Wyoming Game and Fish Commission, 74 Wyo. 226, 286 P.2d 597; Harrison v. Wyoming Liquor Commission, 63 Wyo. 13, 177 P.2d 397; Price v. State Highway Commission, 62 Wyo. 385, 167 P.2d 309; Utah Const. Co. v. State Highway Commission, 45 Wyo. 403, 19 P.2d 951, and Hjorth Royalty Co. v. Trustees of University of Wyoming, 30 Wyo. 309, 222 P. 9; all of which causes were actions against the commission or trustees of a State agency or officers in their official capacity and not against individuals, the Ellis case even including the governor as a defendant.

█ Notwithstanding the lack of persuasive argument as to a correct disposition of the litigation, we cannot ignore what we consider to be a fundamental oversight in the proceedings. Although the record is devoid of reasons for the dismissal of the complaint, the positions of the litigants would seem to indicate that the trial court's attention was not directed to the limitations of the statute in question, which in relevant portion states:

"§ 23-24. * * * Any officer authorized to enforce the laws of this state may, at any time, seize and take into custody any of the wild life, which has been unlawfully taken, or which is held in possession in violation of law, or has been obtained in violation of law. Any and all such property so confiscated shall be sold to the best advantage and the money derived from the sale thereof shall be paid into the state treasury to be credited to the Wyoming game and fish fund. The game warden, fish warden, and each deputy warden, and each law enforcement officer of this state shall have the right to search, without warrant, any camp, camp outfit, pack, pack outfit, pack animals, automobiles, wagon, buggy, trailer or personal property, for any wild life which any such warden or officer shall have reason to believe was taken or possessed in violation of the laws of this state. * * * "

On the face of the statute, the authority to "seize and take into custody any of the wild life" refers to that which has been "unlawfully taken," a circumstance which at the stage of the hearing in question was unresolved. In any event, the right granted by the statute to search without a warrant refers only to "wild life" and the seizure of the snow machine on the day following Sexton's initial investigation is without justification other than unwarranted advice of the prosecuting attorney to make the seizure. The order of dismissal was, therefore, erroneous and must be reversed. Accordingly, the cause is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.