BOARD OF TRUSTEES OF the UNIVER-
SITY OF WYOMING, Kendall Baker,
Does I–V, Appellants (Defendants),

v.

Rosemarie BELL, Appellee (Plaintiff).

Rosemarie BELL, Appellant (Plaintiff),

v.

BOARD OF TRUSTEES OF the UNIVER-
SITY OF WYOMING, Kendall Baker,
Does I–V, Appellees (Defendants).

Nos. 5810, 5811.

Supreme Court of Wyoming.

April 19, 1983.

William R. Jones and John P. McBride of
Jones, Jones, Vines & Hunkins, Wheatland,
for appellants in No. 5810 and appellees in
No. 5811.

Barkley R. Bonine, Laramie, for appellee
in No. 5810 and appellant in No. 5811.

Before ROONEY, C.J., and RAPER,
THOMAS, ROSE and BROWN, JJ.

THOMAS, Justice.

■ The dispositive issue posed by this appeal is whether this court may recognize a judgment entered upon default of the Board of Trustees of the University of Wyoming for failure to answer a complaint which contains no allegation of the filing of a claim as required by statute. While both parties have appealed from the judgment in the district court, the issue which we have identified was not urged or argued either in this court or in the district court. The Board of Trustees of the University of Wyoming instead urges that good cause exists to set aside the default judgment because of the showing of a meritorious defense, in effect asserting abuse of discretion on the part of the district court in failing to set aside the default judgment. The Board of Trustees also disputes the right of Rosemarie Bell to damages for wrongful termination of an employment contract under the circumstances, which include the fact of her status as a probationary employee at the time of her resignation. Claiming that her resignation was coerced, in her appeal Rosemarie Bell has presented arguments rejecting the right of the Board of Trustees of the University of Wyoming to challenge factual allegations in her complaint after the entry of default, and contesting the refusal of the district court to award damages as to all aspects of her claims or causes of action at the damage hearing held after entry of the default judgment. The disposition that we shall make of this case causes it to be unnecessary to discuss the issues which the parties chose to debate. Because the district court was without jurisdiction over the subject matter of Rosemarie Bell's complaint we must dismiss the appeal on our own motion, and we will remand the case to the district court with instructions to dismiss the complaint.

In May of 1982 Rosemarie Bell brought her action against the Board of Trustees of the University of Wyoming and Kendall L. Baker. Rosemarie Bell represented herself in the proceeding without the assistance of counsel. Kendall L. Baker, according to the complaint, was the Director of the Political Science Department of the University of Wyoming in which Rosemarie Bell was employed as an administrative secretary. The gravamen of her complaint was the forced resignation of Rosemarie Bell from that position under threat of discharge. Rosemarie Bell also complained of the failure to grant her a hearing prior to requesting her resignation, slander by Kendall Baker, and threatening, harassing, and intimidating conduct by Baker causing emotional and financial distress. While the complaint filed by Rosemarie Bell alleges many things, it does not in any way allege that she filed a claim as required by § 9–2–332, W.S.1977 (Cum.Supp.1982), or § 1–39–113, W.S.1977 (Cum.Supp.1982).[1]

---

1. Section 9–2–332, W.S.1977 (Cum.Supp.1982), provides as follows:

"Except as provided by W.S. 1–39–101 through 1–39–119, persons having claims against the state shall exhibit the claim, with the evidence in support thereof, to the state auditor, to be audited, settled and allowed, within one (1) year after the claim accrues and not afterward."

Section 1–39–103, W.S.1977 (Cum.Supp.1982), provides as follows:

"(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(i) Not reasonably discoverable within a two (2) year period; or
"(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.
"(b) The claim shall state:
"(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;
"(ii) The name, address and residence of the claimant and his representative or attorney, if any; and
"(iii) The amount of compensation or other relief demanded.
"(c) Claims against the state shall be presented to the state auditor who shall forward a copy of the claim to the insurance claims division of the department of administration and fiscal control. Claims against any other governmental entity shall be filed

A motion to dismiss was filed on behalf of Kendall L. Baker by an Assistant Attorney General of the State of Wyoming. In that motion Kendall L. Baker asserted that Rosemarie Bell was a probationary employee; that the Wyoming Governmental Claims Act, §§ 1–39–101 through 1–39–119, W.S.1977 (Cum.Supp.1982), contains no exception to governmental immunity that relates to the matters asserted in the complaint; and that in any event Kendall L. Baker was immune from suit because of his status as a governmental employee. In August of 1982 a hearing was held on Baker's motion to dismiss, and the court entered an order dismissing him from the action. In so doing the district court found that the Wyoming Governmental Claims Act, supra, was applicable to this case, and noted specifically that the Board of Trustees of the University of Wyoming is a governmental entity under that statute. As the court stated in its order, the record reflected no service of the complaint upon the board of trustees or any of its members at the time of that order, and for that reason the court was careful to make no finding with respect to the Board of Trustees of the University of Wyoming.

About ten days later a return of a summons was filed reflecting service upon the Board of Trustees of the University of Wyoming by leaving a copy with a member of the board at his address in Laramie, Wyoming. No answer or pleading was filed on behalf of the Board of Trustees of the University of Wyoming, and approximately one month later Rosemarie Bell filed a Motion for Hearing in which she requested a hearing for the judge to assess the exact punitive damages on all four causes of action plus all costs and losses. On the same day she filed an affidavit and request for entry of default, and an entry of default was made in the record by the clerk of the district court.[2] Also on the same day an order setting a hearing on the motion for default judgment was entered in the file. The hearing was set for September 8, 1982, and on September 1, 1982, the Board of Trustees of the University of Wyoming filed its motion to set aside the default. That motion was set for hearing at the same time and date as that previously set for the hearing for default judgment.

The failure to answer on the part of the Board of Trustees of the University of Wy-

at the business office of that entity in duplicate and a copy of the claim shall be forwarded by the entity to the secretary of state for informational purposes. Failure to file the claim with the secretary of state shall not invalidate the claim. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit."

2. Rule 55, W.R.C.P., provides in pertinent part as follows:

"(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

"(b) *Judgment.*—Judgment by default may be entered as follows:

"(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person;

"(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, trustee, or other such representative who has appeared therein. If the party against whom a judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute.

"(c) *Setting aside default.*—For good cause shown the court may set aside an entry of default and, if a judgment by ·default has been entered may likewise set it aside in accordance with Rule 60(b)."

oming is not satisfactorily explained in the record. An affidavit from the trustee who was served states that he took the summons and complaint to the administrative offices of the University of Wyoming. An affidavit from a responsible official in that office reflects that no copy of the summons and complaint could be located in that office.

In any event, after the hearing the district court proceeded to enter judgment against the University of Wyoming based upon the default which previously had been entered. In so doing the district court denied the motion to set aside the default which had been filed on behalf of the Board of Trustees of the University of Wyoming, finding no good cause had been shown under Rule 55(c), W.R.C.P. However, the judgment entered by the district court awarded Rosemarie Bell a judgment only on her first cause of action, premised upon a theory of wrongful discharge, in the total amount of $1,886.30. The court found that the Board of Trustees of the University of Wyoming was entitled to judgment against the plaintiff on her second, third and fourth causes of action. As noted previously, both the Board of Trustees of the University of Wyoming and Rosemarie Bell, now acting through counsel, filed timely notices of appeal from the judgment of the district court.

The complaint which Rosemarie Bell filed in this case sounds both in contract and in tort. The district court noted, in dealing with the dismissal of Kendall Baker, that the complaint sounded in tort. The judgment which was awarded in favor of Rosemarie Bell, and against the Board of Trustees of the University of Wyoming, however, seems to encompass only elements compatible with breach of contract. See *Panhandle Eastern Pipe Line Company v. Smith,* Wyo., 637 P.2d 1020 (1981). Except for filing fees and costs for the service fee of the sheriff the award was premised upon

differences in salary in two jobs held by Rosemarie Bell together with an apparent award for loss of salary during a period in which she was not employed. As we view the issue presented by this appeal, it is not necessary to classify the claim because any classification would not affect the result which we reach.

■ If the action is treated as one sounding in contract, and in awarding damages that is the way the district court treated it, it traditionally would have been governed by concepts encompassed in our prior precedents. We know that an action brought against the Board of Trustees of the University of Wyoming is an action against the State of Wyoming. Section 1–35–101, W.S.1977; *Retail Clerks Local 187 AFL–CIO v. University of Wyoming,* Wyo., 531 P.2d 884 (1975). The same rule applied prior to the adoption of the statute. *Hjorth Royalty Co. v. Trustees of University of Wyoming,* 30 Wyo. 309, 222 P. 9 (1924). In *Awe v. University of Wyoming,* Wyo., 534 P.2d 97 (1975), in which this court dealt with a tort claim against the University of Wyoming, we noted the requirement of § 9–71, W.S.1957 (now found in § 9–2–332, W.S.1977 (Cum.Supp.1982)), for filing a claim with the State Auditor. We there held that the statute implements Art. 16, § 7 of the Constitution of the State of Wyoming,[3] and is a condition precedent to the filing of an action against the State of Wyoming, including the Board of Trustees of the University of Wyoming. The court in *Awe v. University of Wyoming,* supra, relied upon *Price v. State Highway Commission,* 62 Wyo. 385, 167 P.2d 309 (1946), another tort suit, and *Utah Construction Co. v. State Highway Commission,* 45 Wyo. 403, 19 P.2d 951 (1933), a contract case.

In *Awe v. University of Wyoming,* supra, the claim requirement was described as a condition precedent to the filing of the ac-

---

**3.** Art. 16, § 7, Wyoming Constitution, provides: "No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same."

tion against the Board of Trustees of the University of Wyoming. This court also said, however:

"* * * We are discussing and deciding questions of serious and important prerequisite *jurisdictional* procedures, without which we might as well abandon all rules of orderly conduct of lawsuits, disregard the mandates of the legislature and place everything upon an equitable basis of what we, as judges, might think the arrangement from day to day ought to be. * * *" *Awe v. University of Wyoming,* supra, 534 P.2d at 105. (Emphasis added.)

We also are cognizant of the language and holding in *Utah Construction Company v. State Highway Commission,* supra, that such a condition precedent is jurisdictional in nature. Although substantial compliance with the statute was recognized in *Rissler & McMurry Company v. Wyoming Highway Department,* Wyo., 582 P.2d 583 (1978), the jurisdictional necessity for some claim being filed was maintained. We can only conclude that in the absence of an allegation of the filing of such a claim the district court did not have jurisdiction over the subject matter of the action in accordance with the decisions which this court has promulgated.

If this matter is viewed as a contract claim we make no holding with respect to whether the provisions of the Wyoming Governmental Claims Act, supra, the claims provisions of which are quoted above in footnote 1, should be invoked. It does appear that in 1980 an attempt was made in the legislature of the State of Wyoming to exclude contractual claims from the application of the Wyoming Governmental Claims Act, supra. In that session of the legislature House Bill Number 148 was introduced, and it amended § 1–39–104(a) so the last two sentences thereof would have read as follows:

"Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided in the contract if the contract was within the powers granted to the entity and was properly executed. The claims procedures and other provisions of this Act do not apply to contractual claims against governmental entities."

House Bill Number 148, however, was amended in the legislative process so that that last sentence now reads:

"The claims procedures of W.S. 1–39–105 through 1–39–112 apply to contractual claims against governmental entities."

It is impossible to conclude what the legislature intended by such an amendment. It is clear that there are no claims procedures found in § 1–39–105 through § 1–39–112, W.S.1977 (Cum.Supp.1982). Those statutory provisions contain the waivers of immunity from suit against the State of Wyoming, yet the preceding sentence contains the waiver of immunity for claims based on contract. Since, however, the claims provision of the Wyoming Governmental Claims Act, § 1–39–113, W.S.1977 (Cum.Supp. 1982), specifically is not mentioned, it well may be that one could infer an intent not to make that provision applicable to contract claims. We note that the legislature has maintained, as part of the law in the State of Wyoming, the general claims provision, which requires the timely filing of a claim with the State Auditor prior to bringing suit. Section 9–2–332, W.S.1977 (Cum. Supp.1982).

If one should conclude that this action sounds entirely in tort and, therefore, is within the provisions of the Wyoming Governmental Claims Act, §§ 1–39–101 through 1–39–119, W.S.1977 (Cum.Supp. 1982), then the provisions of § 1–39–113, W.S.1977 (Cum.Supp.1982), quoted above in footnote 1, clearly apply. Section 1–39–119, W.S.1977 (Cum.Supp.1982), which provides as follows:

"The provisions of this act shall not affect any provision of law, regulation or agreement governing employer-employee relationships."

does not serve to except claims which have their genesis in tort even though they arise out of an employment relationship. Instead this section indicates that the provisions of the statute are supplementary to others which may be provided by law, regulation

or other agreement relating to employer-employee relationships. If the tort action is brought, and it does arise out of the employment relationship, we conclude that the claims procedure of this statute must be followed.

The same result must be reached under the Wyoming Governmental Claims Act, supra, as is reached under the general law even though the statute is not explicit with respect to whether the filing of a claim is a jurisdictional prerequisite to suit. It would be incongruous for the same result not to attach to the failure to file a claim under § 1–39–113, W.S.1977 (Cum.Supp.1982), and we hold that the failure to file a claim under that statute results in a district court having no jurisdiction over an action which is brought if the complaint fails to allege the filing of the claim pursuant to statute.

Since the defect in this instance is jurisdictional we have no hesitancy in disposing of the case upon that basis and upon our own motion. As this court said in *Harrington v. Hoyt,* Wyo., 648 P.2d 556, 559 (1982):

"It is recognized that the question of jurisdiction was not presented in argument to this court, nor was it presented in the district court. Nevertheless the rule is well established that the question of jurisdiction can never be waived, and it always is open to consideration by a reviewing court upon its own motion. *Williams v. Public Service Commission of Wyoming,* Wyo., 626 P.2d 564 (1981); *Hayes v. State,* Wyo., 599 P.2d 569 (1979); *Merritt v. Merritt,* Wyo., 586 P.2d 550 (1978); *Pritchard v. State Division of Vocational Rehabilitation, Department of Health and Social Services,* Wyo., 540 P.2d 523 (1975); *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag,* Wyo., 444 P.2d 327 (1968); and *Gardner v. Walker,* Wyo., 373 P.2d 598 (1962)."

To the same effect is *L Slash X Cattle Company, Inc. v. Texaco, Inc.,* Wyo., 623 P.2d 764 (1981).

Because the same result is reached under the Wyoming Governmental Claims Act, supra, or by the application of the case authorities which this court has promulgated, we see no necessity in this instance to determine whether the Wyoming Governmental Claims Act applies to contract actions against the State of Wyoming. We have noted some anomalous language in the statute, and it well may be that at some date in the future we will be called upon to decide that specific question. We shall reserve our judgment for that future occasion.

Having concluded that the district court was without jurisdiction over the subject matter of this action, we hold that the appeals of both parties to this court should be dismissed. Lest the effect of that dismissal be somehow construed as recognizing the viability of the judgment entered by the district court, we also order that the case be remanded to the district court with instructions to dismiss the complaint filed by Rosemarie Bell because the district court had no jurisdiction over the subject matter of that action in the absence of an allegation in the complaint that a claim had been filed against the State of Wyoming in accordance with the appropriate procedures.