Mark ALLEN, Appellant (Plaintiff),

v.

Joe LUCERO, individually, and in his official capacity as Sheriff in and for Fremont County, Wyoming; and the Board of County Commissioners for Fremont County, Wyoming, Appellees (Defendants).

No. 95–315.

Supreme Court of Wyoming.

Oct. 1, 1996.

Rehearing Denied Oct. 29, 1996.

Joel M. Vincent of Vincent & Vincent, Riverton, for appellant.

Jeffrey A. Donnell of Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellees Fremont County and Joe Lucero, in his official capacity.

Hugh Kenny, Sr. Assistant Attorney General, Cheyenne, for appellee Joe Lucero, individually.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR * and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Mark Allen filed suit for declaratory relief and damages against Fremont County, Wyoming, and former sheriff Joe Lucero after he was terminated from employment as a deputy sheriff for Fremont County. The trial court granted the defendants' summary judgment motions and Allen appeals.

We affirm.

Allen presents these issues:

A.   Whether the governmental claims act by its terms applies to private actions for breach of § 18–3–611, W.S.1977.

B.   Whether the trial court failed to properly exercise its discretion in setting aside the entry of default as against defendant county commissioners.

Fremont County and Joe Lucero, in his official capacity, present these issues:

* Chief Justice effective July 1, 1996.

1. Are the immunity and procedural provisions of the Wyoming Governmental Claims Act, W.S. § 1–39–101, et seq., applicable in all actions against governmental entities for damages based on tort or contract theory?

2. Did the district court lack subject matter jurisdiction where plaintiff failed to allege compliance with the governmental claims act in his action for damages?

3. Did the district court err when it ruled that Plaintiff's cause of action was time-barred?

4. Did the trial court abuse its discretion in setting aside Appellant's entry of default against the Fremont County Commissioners?

Lucero, individually, presents these issues:

1. Does the Wyoming Governmental Claims Act, § 1–39–101 *et seq.*, apply to Plaintiff's claims and if so does his failure to timely comply with the act deprive the courts of subject matter jurisdiction over his claims?

2. Does Plaintiff's failure to address the trial court's rulings regarding Plaintiff's failure to state a claim against Lucero as an individual and Lucero's qualified immunity render this appeal moot?

3. Should the trial court's judgment dismissing Plaintiff's claims be upheld on additional theories supported in the record?

## FACTS

Deputy Sheriff Allen was accused of striking a handcuffed prisoner and then failing to report the incident as required by department regulations. There was a witness to the assault who, at the request of the sheriff's office, confirmed the incident had occurred. When Allen denied the allegation, a disciplinary review board was convened to consider the charges and make a recommendation. At the hearing, Allen delivered a version of events very different from the eyewitness' version. In an attempt to resolve the conflict, the board ordered lie detector tests for each. A second hearing was held to review the results. Allen's results were inconclusive while the witness' results showed she was truthful. At the request of an undersheriff, the prisoner then provided a statement which corroborated the witness' allegation. The board determined Allen had struck the handcuffed prisoner and recom-

mended he either resign his employment or be terminated. Allen was not notified of the second hearing and did not attend. Allen was notified in writing of his right to contest the recommendation and on October 14, 1991, he requested a hearing before a Disciplinary Hearing Board. That hearing was scheduled for October 30, 1991. At Allen's request, the hearing was continued while negotiations over his resignation progressed. Negotiations over his resignation broke down and the hearing was rescheduled for January 7, 1992. Allen notified the board in writing that he would not attend the hearing. Following receipt of testimony from the undersheriff, the board recommended that Allen be terminated; however, the record of the hearing indicates that the sheriff's office viewed Allen's employment as having been terminated as of October 10, 1991.

Allen filed suit in district court contending his dismissal did not comply with Wyo.Stat. § 18–3–611 which sets out statutory requirements for dismissal of a sheriff's deputy. His amended complaint requested a declaratory judgment that this statute permitted a private cause of action for breach of its requirements and asserted claims in tort and contract for breach of Wyo.Stat. § 18–3–611's requirements.

Allen named Fremont County and Sheriff Lucero, in his official capacity and in his individual capacity, as defendants in the suit. Sheriff Lucero, individually, filed a motion for summary judgment and received a ruling from the district court that he had no individual liability and had qualified immunity. The district court determined that Wyo.Stat. § 18–3–611 did permit private enforcement of its provisions, but such claims required compliance with the Wyoming Governmental Claims Act (claims act). Allen had failed to comply with the notice provision of the claims act and the statute of limitations had run, barring his suit. On this basis, the district court granted Lucero's summary judgment motion. Fremont County and Sheriff Lucero, officially, moved for summary judgment and the district court granted that motion for the reason that Allen had failed to comply

with the claims act and was now time barred from doing so.

## DISCUSSION

*Jurisdiction*

The dispositive issue is whether Allen's failure to comply with the notice provision of the claims act deprived the district court of jurisdiction over this action.

■■■ Wyoming adheres to the doctrine of sovereign immunity which immunizes a sovereign from suit without its express consent. *Ruppenthal v. State*, 849 P.2d 1316, 1320 (Wyo.1993). We have long held that Wyo. Const. art. 1, § 8 requires explicit legislative authorization before a suit can be maintained against the state. *Vigil v. Ruettgers*, 887 P.2d 521, 524 (Wyo.1994). The claims act upholds sovereign immunity except in certain enumerated instances. Wyo.Stat. § 1–39–104 (1988). A prerequisite in pursuing a claim against the state or its officers is compliance with the notice requirement of the claims act. *Ruppenthal*, 849 P.2d at 1320. The claims act's provisions apply to contract or tort claims brought against a sheriff and a board of county commissioners. *Weston County Hosp. v. Westates Const. Co.*, 841 P.2d 841, 848 (Wyo.1992); *Vigil*, 887 P.2d at 524; *Veile v. Bd. of County Commissioners of Washakie Cty.*, 860 P.2d 1174, 1177 (Wyo. 1993).

■■ Although Allen seeks tort and contract damages, he contends they arise from violations of Wyo.Stat. § 18–3–611 and that that statute gives rise to an independent right of action. Asserting that Wyo.Stat. § 1–39–119 of the claims act excludes employment-related disputes from the reach of the claims act, he concludes that he is not required to comply with the notice provisions set out in Wyo.Stat. § 1–39–113. Section 119 states:

> The provisions of this act shall not affect any provision of law, regulation or agreement governing employer-employee relationships.

Wyo.Stat. § 1–39–119 (1988). In his view, this section permits actions against the state which do not activate the claims act and, therefore, do not trigger the claims act's notice provisions.

In *Bd. of Trustees of Univ. of Wyoming v. Bell*, 662 P.2d 410 (Wyo.1983), this Court held that Wyo.Stat. § 1–39–119 "does not serve to except claims which have their genesis in tort even though they arise out of an employment relationship." *Bell*, 662 P.2d at 414. "If the tort action is brought, and it does arise out of the employment relationship, we conclude that the claims procedure of this statute must be followed." *Bell*, 662 P.2d at 415. When *Bell* was decided, the language of the act referred only to tort, and *Bell* did not extend this rule to contract claims. *Bell*, 662 P.2d at 414. Since then, the legislature changed the claims act's language by adding the sentence, "The claims procedures of W.S. 1–39–113 apply to contractual claims against governmental entities." 1988 Wyo.Sess.Laws Ch. 45 § 1.

Accordingly, we augment *Bell's* rule to also include contract actions brought that arise out of the employment relationship and hold that a claim for damages based either in contract or tort against the state must proceed, if at all, in accordance with Wyoming's Governmental Claims Act. Allen's amended complaint requested a declaratory judgment that Wyo.Stat. § 18–3–611 provided for a private cause of action sounding in either contract or tort and requested money damages for five claims sounding in either tort or contract. Under our rule just announced, the action required compliance with the notice provision of the claims act.

Allen did not comply with the claims act's notice requirements. "[T]he failure to file a claim under [the claims act] results in a district court having no jurisdiction over an action which is brought if the complaint fails to allege the filing of the claim pursuant to statute." *Bell*, 662 P.2d at 415. In *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769 (Wyo.1993), this Court expanded upon the *Bell* rule and held that, in order to invoke the jurisdiction of the district court, the complaint must contain an allegation stating the date the claim was filed to demonstrate the filing of the claim within two years of the date of the alleged act, error or omission or, alternatively, the statutory ground for the late discovery of the alleged act, error or omission. *Amrein*, 851 P.2d at 771. The plaintiff's failure to state the jurisdiction of the court with specificity will result in dis-

missal without prejudice. *Amrein*, 851 P.2d at 771. Allen was discharged in 1991 and cannot possibly present a claim within the requisite two-year statute of limitations. We, therefore, affirm the order granting summary judgment on this basis as to all appellees on all claims. *Boyd v. Nation*, 909 P.2d 323, 326 (Wyo.1996).

Affirmed.