Kerry GARNETT, Appellant (Plaintiff),

v.

Jim BROCK and William Hettgar, Appellees (Defendants).

No. 97–19.

Supreme Court of Wyoming.

April 14, 2000.

Representing Appellant: Kerry Garnett, Pro Se.

Representing Appellees: William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Jennifer A. Cudworth, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The only novel question in this case is the primary issue of whether a prisoner has a property right in a particular work assignment and rate of pay. Collateral issues are presented concerning whether a claim under state law was stated in the absence of an appropriate allegation that a claim was filed as required by the Wyoming Governmental Claims Act,[1] and whether the district court's ruling with respect to jurisdiction stands as the law of the case in the absence of an attack on the ruling in this appeal. Kerry Garnett's (Garnett) Complaint, alleging that he was unlawfully removed from his prison work assignment as a janitor and reassigned to work in the prison laundry at a lower pay scale, and naming as defendants two employees of the State of Wyoming, was dismissed by the district court for failure to state a claim upon which relief could be granted. We agree with the district court that the Complaint failed to state a claim under state law in the absence of any allegation that a timely claim was filed as required by the Wyoming Governmental Claims Act. We afford Garnett the benefit of any doubt as to whether he perfected his appeal from an adverse jurisdictional ruling. The district court correctly ruled that Garnett, as a state prisoner, had no legally cognizable property

---

\* Chief Justice at time of expedited conference; retired November 2, 1998.

1. Wyo. Stat. Ann. §§ 1–39–101 through 1–39–120 (Michie 1988 & Cum.Supp.1996).

right in any particular work assignment. The Order Dismissing Complaint is affirmed.

In the Brief of Appellant, Garnett defines the issues as follows:

ARGUMENT I: The court below erred in dismissing the Complaint for failure to state a claim upon which relief can be granted[.]

ARGUMENT II: The defendants are not entitled to immunity under the Wyoming Governmental Claims Act[.]

The State, in the Brief of Appellees, states the issues this way:

I. Whether the district court's jurisdictional determination is the law of the case and not considered by this Court when appellant failed to appeal this particular ruling. Alternatively, was the district court without jurisdiction to hear appellant's state law claims due to appellant's failure to comply with the Wyoming Governmental Claims Act, Wyo. Stat. § 1–39–101, *et. seq.?*

II. Does an inmate at the Wyoming State Penitentiary have a protected property interest in maintaining a specific wage level for his prison job?

Garnett is serving a life sentence at the Wyoming State Penitentiary for a vicious murder. He also is subject to a consecutive sentence of 20–25 years for burglary. *Garnett v. State,* 769 P.2d 371 (Wyo.1989). The facts upon which Garnett's civil action is premised are taken from his Complaint. He was assigned a prison job as a janitor, and received a prisoner's salary for that position. On June 10, 1996, officers at the penitentiary advised Garnett that he was being terminated from his job as a janitor and that he was to report to the laundry the next morning, where he would be starting at the bottom of the pay scale. Garnett objected to this job reassignment, and he requested a due process hearing, claiming that the State lacked authority to assign him to a new job at lower pay. Garnett then filed an informal grievance with the shift commander at the penitentiary. Garnett alleges that during the course of the grievance process, he was informed that the actions of the prison authority violated the Wyoming State Penitentiary's own "Policy and Procedure" because the de-privation of pay had to be preceded by a formal due process hearing in the form of a "Job Classification." Garnett alleges that the result of the grievance process was that he was not entitled to and did not receive a due process hearing.

Representing himself, Garnett filed his Complaint in the district court of the Second Judicial District on September 18, 1996. He claimed that he had been denied his due process rights under the Fourteenth Amendment to the Constitution of the United States when he was deprived of "property," his state pay, without a hearing. In his Complaint, Garnett demanded a Temporary Restraining Order against the State, as well as compensatory relief, punitive damages, court costs, attorney's fees, and such other relief as the district court deemed just and proper.

On October 9, 1996, the State filed a Motion to Dismiss, pursuant to W.R.C.P. 12(b)(6) for failure to state a claim upon which relief could be granted. In its motion, the State contended that Garnett's Complaint failed to state any claim for which immunity was waived under the Wyoming Governmental Claims Act; Garnett failed to comply with the procedural requirements of the Wyoming Governmental Claims Act; and he failed to plead a violation of any constitutional right. Garnett opposed the State's motion, arguing that the State was not entitled to immunity and that the Wyoming Governmental Claims Act was unconstitutional. In a decision letter filed November 14, 1996, the district court ruled that the State's Motion to Dismiss should be granted. The district court concluded that Garnett had not complied with the requirements of the Wyoming Governmental Claims Act, foreclosing the court from jurisdiction to hear his state law claims. The district court also concluded that Garnett had no constitutionally protected property interest in maintaining a specific wage level as an inmate laborer at the penitentiary, and for that reason, the Complaint failed to state a claim under federal law, 42 U.S.C. § 1983. The Order Granting Defendant's Motion to Dismiss was entered on November 25, 1996, and Garnett has appealed from that order.

▮ Jurisdiction consists of the power to hear and determine a matter in controversy. *In Interest of MFB*, 860 P.2d 1140, 1146 (Wyo.1993). On appeal, jurisdictional questions are subject to plenary review under the inherent power and duty of the Supreme Court to address jurisdictional defects. *Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo.1996). The technical ramification of the plenary review is that the opinion of the district court is afforded no deference, but in this instance, the district court's opinion is well reasoned and helpful to us in the review of this case. *See Mountain Fuel Supply Co. v. Public Service Com'n of Wyoming*, 662 P.2d 878, 882 (Wyo.1983); *Wyoming Public Service Com'n v. Hopkins*, 602 P.2d 374 (Wyo.1979).

▮ The district court decided that it was without jurisdiction over the state law claim because Garnett failed to comply with the claims procedures found in the Wyoming Governmental Claims Act, Wyo. Stat. Ann. § 1–39–101 through 1–39–120 (Michie 1988 & Cum.Supp.1996). We are satisfied that the prison officers named as defendants indeed are "public employees" of the Wyoming State Penitentiary, acting within the scope of their duties, and the Wyoming Governmental Claims Act applies. One seeking relief pursuant to the Wyoming Governmental Claims Act is required to submit a claim to the governmental entity within two years of the date of the alleged act upon which the asserted liability is premised. Wyo. Stat. Ann. § 1–39–113. The submission of a claim is a prerequisite to an action against the state or its public employees. *Allen v. Lucero*, 925 P.2d 228, 230 (Wyo.1996); *Board of Trustees of University of Wyoming v. Bell*, 662 P.2d 410, 413 (Wyo.1983). We have held:

> [I]n order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the "alleged act, error or omission: or, alternatively, the statutory ground for the late discovery of the "alleged act, error or omission."

*Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993).

There is no allegation in Garnett's Complaint that he filed a claim with the State, pursuant to the Wyoming Governmental Claims Act, at any time. Our cases require compliance with the claims filing provisions of the Wyoming Governmental Claims Act in order to confer subject matter jurisdiction on the court. The ruling of the district court that it did not have subject matter jurisdiction to proceed to adjudicate Garnett's state law claims clearly is correct. In the absence of any jurisdiction to hear Garnett's claims asserted under state law, the question of whether the State was entitled to immunity is not before this Court, and will not be further addressed in this opinion.

We turn then to Garnett's claim that he was deprived of a constitutional property right without due process, brought pursuant to 42 U.S.C. § 1983. The decision letter filed by the district court on November 14, 1996 thoroughly addressed Garnett's claim in a commendable manner:

> In determining whether an employee has a state law property interest in employment courts "generally resolve[ ] the matter by providing a simple yes or no answer based on whether the employment contract is at-will or for cause." *Gardetto [v. Mason]*, 854 F.Supp. [1520] at 1534 [ (D.Wyo.1994) ]. Absent an express employment contract, the general rule in Wyoming is that employment is at will, although an implied contract may arise. See, e.g. *Sanchez v. Life Care Centers of America, Inc.*, 855 P.2d 1256 (Wyo.1993). In addition to general employment law in Wyoming, the court must examine the specific statutes relating to prison labor as found in Wyo Stat. §§ 7–16–201 through 7–16–205.
>
> Plaintiff cites to *Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir.1989) for the proposition that the Wyoming prison labor statutes confer a property interest in his employment. Plaintiff's reliance on *Gillihan*, however, is misplaced. The inmate in *Gillihan* brought an action alleging he was deprived of a property right when prison officials froze his prison account demanding that he pay $174.53 that was incurred in transporting him from a prison in Ari-

zona to the Wyoming State Penitentiary. The court looked specifically at Wyo Stat. §§ 7–16–204, 7–16–205, and 7–16–205(a)(v) and concluded that they "create a legitimate expectation that money not used for specified reasons will be returned to the inmate at the end of his incarceration and, therefore, create a protected property interest in the funds." *Id.* at 939. The property in *Gillihan* was money that had already been earned by the plaintiff. By statute, the inmate had a right to those funds. In the present case, Plaintiff is claiming a protected property interest in a certain wage level. The issue, therefore, is whether he had a legitimate entitlement to keep the same salary.

In *Hrbek v. Farrier*, 787 F.2d 414 (8th Cir.1994), the issue was whether an inmate had a protected property interest in pay under Iowa law. The court concluded that there was no property interest in the inmate's wages because, among other things "the payment of prison wages is a matter subject to the discretion of the director of the institution . . ." *Id.* at 416. The Eighth Circuit addressed the question under Missouri law in *Robinson v. Cavanaugh*, 20 F.3d 892 (8th cir. 1994) The Missouri inmate claimed a protected property interest in his former wage rate was deprived when the prison instituted a new wage scale. The court concluded that "[t]here is no constitutional right to prison wages and any such compensation is by the grace of the state." *Id.* at 894, citing *Hrbek*, 787 F.2d at 416. Similar conclusions have been reached in *Flittie v. Solem*, 827 F.2d 276 (8th Cir. [1987] ) (concluding that under South Dakota law, inmates have no constitutional right to be assigned to a particular job); *Lyon v. Farrier*, 727 F.2d 766 (8th Cir.1984) (concluding inmates have no constitutional entitlement to tenure in prison jobs); *See, also Wallace v. Robinson*, 940 F.2d 243 (7th Cir.1991); *Jackson v. O'Leary*, 689 F.Supp. 846 (N.D.Ill.1988).

Plaintiff has pointed to no Wyoming law that grants him a property interest in maintaining his previous rate of pay. To the contrary, Wyoming law indicates that plaintiff has no protected interest in maintaining his previous rate of pay. Under Wyo. Stat. § 7–16–202, an inmate "in a state penal institution *may* be employed within the institution or in any work for the benefit of and use by the state or any of its agencies or political subdivisions." (emphasis added) Under Wyo. Stat. § 7–16–203 an inmate "*may* receive compensation for services performed as specified by the department of corrections." (emphasis added). The statutes indicate broad discretion over whether an inmate may even work and if so, whether he or she will receive any compensation. Given the broad discretion over inmates work and compensation and the general rule of at-will employment, it cannot be said that Plaintiff had a legitimate expectation of maintaining a specific salary level. In Wyoming there is no right to prison wages and any such compensation is by the grace of the state.

Plaintiff has failed to allege the deprivation of a protected property interest. Accordingly, he has failed to state a claim upon which relief may be granted.

In *Listenbee v. City of Milwaukee*, 976 F.2d 348, 351 (7th Cir.1992), the court summarizes the rule in Wisconsin with respect to the state law property interest in substantially the same language used in *Gardetto*.

■ The district court granted the State's Motion to Dismiss pursuant to W.R.C.P. 12(b)(6). In pursuing review of an order dismissing a complaint, we accept all facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Gillis v. F & A Enterprises*, 934 P.2d 1253, 1254–55 (Wyo.1997). In *Gillis*, we reiterated that dismissal is a drastic remedy which should be granted sparingly. We sustain a dismissal pursuant to W.R.C.P. 12(b)(6) only when it is certain from the face of the complaint that the plaintiff cannot allege any facts that would entitled him to relief. *Rissler & McMurry Co. v. State*, 917 P.2d 1157, 1160 (Wyo.1996), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997); *Herrig v. Herrig*, 844 P.2d 487, 490 (Wyo.1992).

 Garnett contends that his due process rights were violated under the Fourteenth Amendment to the Constitution of the United States. In order to sustain his action under 42 U.S.C. § 1983,

> the plaintiff [Garnett] must allege that he was subjected to the deprivation of a federally protected right by the defendant, and that the defendant's actions were taken "under color of state law." *See, e.g., West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988); *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978).

*Gardetto v. Mason,* 854 F.Supp. 1520, 1527 (D.Wyo.1994). The Fourteenth Amendment insures that a state may not "deprive any person of life, liberty, or property without due process of law * * *." We accept the two part analysis for determining whether a violation of the due process clause has occurred articulated by the United States District Court for the District of Wyoming in *Gardetto:*

> The analysis for determining whether there has been a violation of due process involves two distinct inquires. First, the court must determine whether the individual has a protected interest, which usually takes the form of a liberty or property interest. "[Liberty and property] interests attain ... constitutional status by virtue of the fact that they have been initially recognized and protected by state law[.]" *Paul [v. Davis],* 424 U.S. [693] at 710, 96 S.Ct. [1155] at 1165, [47 L.Ed.2d 405 (1976)]. "[If] it is determined that the due process clause applies, 'the question remains what process is due.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (citing *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). This second prong of the analysis depends on the three-party balancing test adopted in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), which focuses on the private and public interests at stake as well as the degree of accuracy-enhancement that additional process would provide under the circumstances. *Id.* at 335, 96 S.Ct. at 903.

*Gardetto,* 854 F.Supp. at 1533–34. We have invoked the three-part balancing test, found in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), in both employment and non-employment cases. *Mondt v. Cheyenne Police Dept.,* 924 P.2d 70, 81 (Wyo.1996); *Walker v. Karpan,* 726 P.2d 82, 87 (Wyo.1986)

 In order to be afforded constitutional status, property rights must have been initially recognized and protected by state law. *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976); *see Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Whether a property right to wages exists must be examined in the light of Wyoming law. We are in complete accord with the district court's determination that Garnett had no property right to a particular wage scale attaching to his employment at the prison. Consequently, he fails in his effort to establish a property right to wages. Garnett contends that this right is established by *Gillihan v. Shillinger,* 872 F.2d 935 (10th Cir.1989). The district court's explanation of how *Gillihan* is distinguishable is indeed apposite. We agree that Garnett's reliance upon *Gillihan* is misplaced.

While we do afford Garnett the benefit of the doubt as to whether he appropriately appealed from the decision of the district court with respect to jurisdiction over the state law claims, we are satisfied that his failure to follow the claims procedure in the Wyoming Governmental Claims Act indeed did deprive the district court of jurisdiction over those claims. The law does not support his contention that he had a constitutional property right to maintain his prison wage at any particular rate, and consequently he failed to allege a claim under 42 U.S.C. § 1983.

We affirm the Order Granting Defendant's Motion to Dismiss.