FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANNA BAKUNDUWUKOMEYE,
surviving spouse and wrongful death
representative of Life Maisha, decedent,

    Plaintiff - Appellant,

v.

KAYCEE SHROYER,

    Defendant - Appellee,

and

HARMAN PREET BHANGU;
GEODYNE, LLC, d/b/a Geodyne
Transport; CRAIG HUTCHERSON;
BROTHERS TRUCKLINES
CORPORATION; OCEAN BLUE
TRANSPORT; KAMAL PREET SINGH,

    Defendants.

No. 21-8065
(D.C. No. 2:20-CV-00087-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Anna Bakunduwukomeye appeals from the district court's grant of summary judgment to defendant Kaycee Shroyer on the ground that she failed to comply with the notice requirements of the Wyoming Governmental Claims Act (WGCA) in this wrongful-death suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On March 13, 2019, a snowstorm caused several semitrucks to skid off I-80 in Wyoming.  Ms. Bakunduwukomeye's husband, Life Maisha, was driving one of those trucks.  Wyoming Highway Patrol Trooper Kaycee Shroyer arrived at the scene and tried to assist the drivers, but the accidents continued.  Another truck crashed into Trooper Shroyer's patrol car; this truck then was moved and parked alongside Mr. Maisha's truck.  Mr. Maisha was standing between his truck and the moved truck when a third truck crashed into the moved truck, pushing it into Mr. Maisha's truck and crushing him to death.

Acting as the surviving spouse and personal representative of Mr. Maisha, Ms. Bakunduwukomeye brought a diversity action against several defendants.  As relevant to this appeal, she asserted a negligence claim against Trooper Shroyer in his individual capacity.  She gave notice of her claim to Trooper Shroyer and the Wyoming Highway Patrol before filing this lawsuit.  But she did not give notice to the general services division of the Wyoming Department of Administration and Information (A&I), which is the WGCA-designated recipient for notice of claims against the state.  *See* Wyo. Stat. Ann. § 1-39-113(c).  Trooper Shroyer sought summary judgment on the ground that the WGCA required Ms. Bakunduwukomeye

2

to present notice of her claim against him to A&I.  The district court agreed and granted summary judgment to Trooper Shroyer.  It then certified its decision as a final, appealable decision under Federal Rule of Civil Procedure 54(b).

## DISCUSSION

We review the grant of summary judgment de novo.  *Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1283 (10th Cir. 2018).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Because this is a diversity action, we apply the substantive law of the forum state, here Wyoming.  *Dullmaier*, 883 F.3d at 1283.  "When interpreting [state] law, we must look to rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."  *Marcantel v. Michael & Sonja Saltman Fam. Tr.*, 993 F.3d 1212, 1221 (10th Cir. 2021) (internal quotation marks omitted).

The sole issue before us is whether Ms. Bakunduwukomeye was required to present to A&I notice of her claim against Trooper Shroyer.  We have not located any decisions of the Wyoming Supreme Court deciding this issue, but we predict that the court would hold that she was required to do so.

Under Wyo. Stat. Ann. § 1-39-113(a), "[n]o action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission . . . ."  Further, § 1-39-113(c) provides that

3

"[a]ll claims against the state shall be presented to the general services division of the department of administration and information.  Claims against any other governmental entity shall be filed at the business office of that entity."  The district court held that although "[t]he WGCA does not specifically refer to public employees in Section 113, . . . case law in Wyoming clearly contemplates the provision of notice to public employees pursuant to the WGCA."  Aplt. App. at 159.  "Pursuant to Wyoming case law that incorporates public employees into the WGCA notice of claim requirement, Defendant Shroyer is considered 'the State' for the purposes of Section 113."  *Id.*

The cases the district court relied on as incorporating public employees into the notice requirements of the WGCA are *Allen v. Lucero*, 925 P.2d 228 (Wyo. 1996), and *Garnett v. Brock*, 2 P.3d 558 (Wyo. 2000).[1]  In *Allen*, the plaintiff sued a county and its sheriff, in both his official and individual capacities.  925 P.2d at 229.  The Wyoming Supreme Court stated, "[a] prerequisite in pursuing a claim against the state *or its officers* is compliance with the notice requirement of the claims act."  *Id.* at 230 (emphasis added).  Because the plaintiff had not provided notice to the defendants, the court affirmed the grant of summary judgment to the defendants.  *Id.* at 230-31.  And in *Garnett*, an inmate sued two prison employees.  2 P.3d at 559.  The Wyoming Supreme Court held that the inmate failed to state a claim in part

---

[1] The Wyoming Supreme Court later abrogated both *Allen* and *Garnett* to the extent they hold that pleading compliance with the WGCA is a jurisdictional requirement.  *See Brown v. City of Casper*, 248 P.3d 1136, 1144, 1146-48 (Wyo. 2011).

because he did not allege compliance with the notice provisions of the WGCA. *Id.* After recognizing that the defendants were "public employees" acting within the scope of their duties and the WGCA applied, the court stated, "[o]ne seeking relief pursuant to the [WGCA] is required to submit a claim to the governmental entity within two years of the date of the alleged act . . . .  The submission of a claim is a prerequisite to an action against the state *or its public employees*." *Id.* at 561 (emphasis added).

Ms. Bakunduwukomeye does not dispute that the Wyoming Supreme Court has extended the provisions of § 1-39-113(a) to public employees.  To the contrary, she concedes that she must give notice to a defendant who is a public employee, *see* Aplt. Opening Br. at 18-19 ("Wyoming courts have held that notice should be provided to the public employee."), and contends that she did so, *see id.* at 34 ("In this case, Plaintiff did comply with the notice provisions of the WGCA. . . .  There is no question that Plaintiff provided notice to Defendant Shroyer[.]").  The dispute here is the manner of the required notice—specifically, whether Ms. Bakunduwukomeye had to comply with § 1-39-113(c) and present notice to A&I.

Ms. Bakunduwukomeye argues that the plain language of § 1-39-113(c) refers only to "the state" and "any other governmental entity," not "public employees."  She further argues that both *Allen* and *Garnett* addressed situations in which the plaintiffs failed to give any notice to any defendant.  She asserts that both cases, therefore, address the *requirement* of giving notice (§ 1-39-113(a)), not the *mechanics* of giving

5

notice (§ 1-39-113(c)).  And, as stated, she points out that unlike the plaintiffs in *Allen* and *Garnett*, she gave notice of her claim to Trooper Shroyer.

*Garnett* applied the notice requirement of § 1-39-113(a) where the plaintiff sued only public employees, not public employees in addition to a governmental entity.  2 P.3d at 561.  And it applied the notice requirement even though the plain language of § 1-39-113(a) does not mention "public employees" but instead refers only to "actions against a governmental entity."  Likewise, the Wyoming Supreme Court previously extended other provisions of the WGCA to encompass "public employees" even though the statutes refer only to a "governmental entity." *See Hamlin v. Transcon Lines*, 701 P.2d 1139, 1142 (Wyo. 1985) (recognizing that public employees are subject to exceptions to absolute immunity, even though §§ 1-39-105 through 1-39-112 state only that a "governmental entity" is liable).  We therefore predict that the Wyoming Supreme Court would not consider it dispositive that subsection (c) addresses "the state" and "any other governmental entity," not "public employees."

*Garnett* stated that the state district court correctly decided not to proceed with the plaintiff's claim because "[t]here is no allegation in Garnett's Complaint *that he filed a claim with the State, pursuant to the Wyoming Governmental Claims Act*, at any time."  2 P.3d at 561 (emphasis added).  Thus, it appears that the Wyoming Supreme Court believed that the proper procedure would have been for Mr. Garnett to give notice to the state as required by the WGCA—that is, to present notice to A&I, as set forth in § 1-39-113(c)—even though he was suing public employees and

not the state itself.  In light of *Garnett*, we predict that, if faced with the question before this court, the Wyoming Supreme Court would hold that Ms. Bakunduwukomeye was required to present notice to A&I, even though she intended to sue Trooper Shroyer in his individual capacity.  Given her failure to do so, the district court properly granted summary judgment in favor of Trooper Shroyer.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge