**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Plaintiff - Appellee,

v.

CHRIS ENGEMANN,

    Defendant - Appellant,

and

ROAD EXPRESS, INC.,

    Defendant.

No. 00-6282

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 99-CV-1787-R)**

---

Larry A. Tawwater (Darren M. Tawwater with him on the briefs) of McCaffrey &
Tawwater, L.L.P., Oklahoma City, Oklahoma, for Defendant-Appellant.

Sarah J. Rhodes (William C. McAlister with her on the brief) of Abowitz, Rhodes
& Dahnke, P.C., Oklahoma City, Oklahoma.

---

Before **KELLY** and **McKAY**, Circuit Judges, and **BRIMMER**,[*] District Judge.

_____

**McKAY**, Circuit Judge.

_____

Appellee Progressive Casualty Insurance Company issued Road Express, Inc. (Road Express) a commercial automobile insurance policy covering injuries arising out of the ownership, maintenance, or use of insured vehicles. The question on appeal is whether the policy Appellee issued covers severe and permanent injuries suffered by Appellant when a truck owned by Four Star Transport, Inc. (Four Star) backed over Appellant while he was fighting with Road Express employees. To clarify, only the vehicle liability policy of the company that employed the assailants is at issue; Four Star's liability is not.

The policy issued by Appellee provides coverage for personal and property damages "caused by an 'accident' and resulting from the ownership, maintenance, or use of covered 'autos'." Aplt. App. at 144 (Policy). At trial, Appellee moved for summary judgment contending that Appellant's injuries were not covered under its liability policy. The district court granted summary judgment in favor of Appellee, holding that "[a]ny nexus between the maintenance of the Road Express

[*]Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

truck and Defendant's injuries was not substantial but tangential." Id. at 268 (Order). This appeal followed. Appellant argues that the liability policy Appellee issued covers his injuries because the injuries result from the ownership and maintenance of the Road Express vehicle. We have jurisdiction over this diversity action under 28 U.S.C. § 1291.

The incidents that gave rise to this appeal occurred in Oklahoma City, Oklahoma, on June 8, 1996, at a crowded truck stop along Interstate 40. Appellant, a truck driver, exited the interstate around midnight. Traffic that night was especially congested, and there were long lines at every gas pump. Upon reaching the fuel pumps, Appellant discovered another truck driver washing his rig at the fuel island. Appellant approached the man and told him to "pull your truck forward, there's trucks backed up all the way to interstate 40." Aplt. App. at 106. The man responded that he would move his truck when he finished washing it. Appellant grabbed a brush from the man, who then accused Appellant of pushing him. Tensions escalated, but eventually the two truckers went their separate ways. See id. at 105-08.

As long as five to ten minutes after the original confrontation, the man who had been washing his truck, accompanied by two others, attacked Appellant as Appellant walked toward the fuel stop. Appellant's lawsuit alleged that two of his assailants, including the man that was washing his truck at the fuel pump,

-3-

were Road Express employees and the third was a passenger in the Road Express truck. See Aplt. App. at 10. Appellant attempted to flee, but his assailants continued to pursue him. The fight continued and ranged across much of the truck stop. Eventually, the three assailants knocked Appellant to the ground either behind or under the parked Four Star truck. With Appellant on the ground, his assailants kicked and punched him repeatedly. The altercation ended only when the driver of the Four Star truck unknowingly backed across Appellant, crushing his pelvis. See id. at 109-13.

It is well established that federal courts sitting in diversity apply the choice of law provisions of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Electrical Distrib., Inc. v. SFR, Inc., 166 F.3d 1074, 1083 (10th Cir. 1999). Accordingly, we look to Oklahoma law for our choice of law framework. On this point, we adopt the district court's careful analysis. See Aplt. App. at 261-62. In sum, although the incidents occurred in Oklahoma, Oklahoma law directs us to rely on New Jersey law concerning insurance coverage because the parties entered the insurance contract under the laws of New Jersey. See Bohannan v. Allstate Ins. Co., 820 P.2d 787, 797 (Okla. 1991).

When New Jersey's highest court has not definitively decided the precise issue we must decide, we nonetheless must determine what decision that court

would make if faced with the same facts and issues that are before us.[1]  See

Phillips v. State Farm Mut. Auto. Ins. Co., 73 F.3d 1535, 1537 (10th Cir. 1996).

In reaching that determination, "we consider a number of authorities, including

analogous decisions by the [state] Supreme Court, the decisions of the lower

courts in [the state], the decisions of the federal courts and of other state courts,

and 'the general weight and trend of authority.'" Id. at 1537 (citation omitted).

The district court determined that under New Jersey law the policy

Appellee issued does not cover Appellant's injuries, because the connection

between Appellant's injuries and the ownership, maintenance, or use of the

covered auto was not substantial.  Because the district court made that

determination on summary judgment, we review the decision de novo, applying

the same legal standard used by the district court.  See Simms v. Oklahoma ex rel.

Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th

Cir. 1999), cert. denied, 528 U.S. 815.  We review whether the district court

correctly applied the substantive law and reverse if there is any genuine issue of

material fact.  See id.

_____

[1]Having carefully reviewed the relevant case law, we do not find a definitive decision on this issue.  Further, we agree with the district court that this might be a case in which judicial economy would be served by certification of state law questions to the New Jersey Supreme Court "if its newly-enacted certification procedure, see NJ Rule 2:12A (effective January 3, 2000) permitted certification . . . by courts other than the United States Court of Appeals for the Third Circuit."  Aplt. App. at 264 (Order).

Appellant contends that his injuries stem from Road Express's ownership, use, and maintenance of insured vehicles. To prevail, Appellant must show that the insured vehicle was "central to the incident." See Stevenson v. State Farm Indem. Co., 709 A.2d 1359, 1365 (N.J. Super. Ct. App. Div. 1998). Under New Jersey law, "a direct and proximate result, in a strict legal sense, of the use the automobile" is not necessary for coverage to exist pursuant to the policy language at issue. See Westchester Fire Ins. Co. v. Continental Ins. Cos., 312 A.2d 664, 668-69 (N.J. Super. Ct. App. Div. 1973), aff'd 319 A.2d 732 (N.J. 1974). Instead, "there need be shown only a substantial nexus between the injury and the use of the vehicle." Id. at 669; accord Home State Ins. Co. v. Continental Ins. Co., 713 A.2d 557, 559-60 (N.J. Super. Ct. App. Div. 1998), aff'd 726 A.2d 1289 (N.J. 1999); Diehl v. Cumberland Mut. Fire Ins. Co., 686 A.2d 785, 787-88 (N.J. Super. Ct. App. Div. 1997), rev. denied 693 A.2d 112 (N.J. 1997); Lindstrom v. Hanover Ins. Co., 649 A.2d 1272, 1274 (N.J. 1994).

After reviewing the existing case law, the district court expressly held that in this case the nexus was not substantial, adding that "[a]ny nexus between the maintenance of the Road Express truck and Defendant's injuries was not substantial but tangential or remote." Aplt. App. at 268 (Order). Although the reason for Appellant's original encounter with one of his assailants was arguably an issue of vehicle maintenance, Appellant's injuries did not result from this

-6-

encounter. The injuries sustained by the Appellant resulted from a fight occurring five to ten minutes after the original confrontation.

Appellee's articulation that "[t]he fact that hostilities were created due to the use of an automobile does not bring a non-automobile related assault within the 'operation, maintenance and use' of an automobile," accurately reflects the law that governs this type of situation. Aple. Br. at 13 (caps in original deleted); see Foss v. Cignarella, 482 A.2d 954, 957 (N.J. Super. Ct. Law Div. 1984); Cerullo v. Allstate Ins. Co., 565 A.2d 1125, 1127 (N.J. Super. Ct. App. Div. 1989); Vasil v. Zullo, 570 A.2d 464, 466-67 (N.J. Super. Ct. App. Div. 1990). When an altercation occurs away from a vehicle and the vehicle can in no way be considered a physical instrumentality of the altercation, vehicle liability insurance does not cover injuries that may result.

The district court remarked that "the question is admittedly close." Aplt. App. at 264 (Order). We disagree with the district court on this point. If the case were such that reasonable minds could differ, we would reverse the district court. New Jersey liability insurance policies "are to be construed broadly in favor of the insured and injured persons to effectuate the strong legislative policy of assuring financial protection for innocent victims of automobile accidents." Home State, 713 A.2d at 559 (citation omitted). In this case, however, Appellant's injuries are the direct result of an assault unrelated to the

maintenance or operation of an insured vehicle.  Thus, we agree with the district court's ultimate holding.

Because the Appellant failed to establish substantial nexus between his injuries and the use of an insured vehicle, the order of the district court is AFFIRMED.