Catherine PHILLIPS, Plaintiff,

v.

Kevey BOYD and Tait Rasmussen,
Defendants.

Case No. 12–CV–153–J.

United States District Court,
D. Wyoming.

Oct. 29, 2012.

Christopher M. Wages, Goddard Wages & Vogel, Buffalo, WY, John H. Robinson, Jamieson & Robinson, Casper, WY, for Plaintiff.

Thomas William Rumpke, Wyoming Attorney General's Office, Cheyenne, WY, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

ALAN B. JOHNSON, District Judge.

Plaintiff Catherine Phillips was injured when two detention officers—Defendants Kevey Boyd and Tait Rasmussen—allegedly slammed Ms. Phillips to the floor while she was detained at the Sheridan County Detention Center. Ms. Phillips brought suit against Defendants under 42 U.S.C. § 1983, alleging violations of her Fourth and Fourteenth Amendment rights. Ms. Phillips also asserted state law negligence claims against Defendants. Defendants have filed a motion for partial judgment on the pleadings, arguing that the Wyoming Governmental Claims Act bars Ms. Phillips's negligence claims and asking this Court to dismiss those claims. The Court grants Defendants' motion.

### STANDARD OF REVIEW

The standard of review for judgment on the pleadings governs this motion.[1] The

---

1. Defendants attached an Affidavit to their motion for partial judgment on the pleadings.

Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

same standard of review applies to Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions. *See Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA,* 442 F.3d 1239, 1244 (10th Cir.2006). The Court accepts all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party. *Id.* Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved at trial and the party is entitled to judgment as a matter of law. *Id.*

## FACTS

On June 20, 2010, Plaintiff Catherine Phillips was injured when two detention officers—Defendants Kevey Boyd and Tait Rasmussen—allegedly slammed Ms. Phillips to the floor while she was detained at the Sheridan County Detention Center. Compl. 45, ECF No. 1. Ms. Phillips brought suit against Defendants under 42 U.S.C. § 1983, alleging violations of her Fourth and Fourteenth Amendment rights. More importantly for this motion, Ms. Phillips also asserted state law negligence claims against Defendants. *Id.* 7–8.

Under the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1–39–101 through –121 (2011), "[a] governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort," *id.* § 1–39–104(a). This general immunity from tort liability is subject to certain statutory exceptions, *id.,* one of which reads, "[a] governmental entity is liable for damages resulting from tortious conduct of peace officers while acting within the scope of their duties," *id.* § 1–39–112. Ms. Phillips contends that this immu-

nity exception applies here because Defendants negligently injured her while acting as peace officers employed by the governmental entity of Sheridan County. *See* Compl. 4, 8–9, ECF No. 1.

Before a person can bring suit under the WGCA, however, the person must present a notice of claim to the appropriate governmental entity "as an itemized statement in writing within two (2) years of the date of the alleged act." Wyo. Stat. Ann. § 1–39–113(a) (2011). On June 20, 2010, the date of Ms. Phillips's injury, the WGCA required a person asserting a claim against a county to present the notice of claim to the county's "business office," but the WGCA did not define "business office." *See* 2010 Wyo. Sess. Laws 47. On July 1, 2010, a few days after Ms. Phillips's injury, the Wyoming State Legislature amended the WGCA by defining a county's "business office" as the county clerk's office. *See id.*

On November 4, 2011, a year and a half after the WGCA had changed to define a county's business office as the county clerk's office, Ms. Phillips presented her notice of claim to the Sheridan County Sheriff, the Sheridan County Treasurer, the Office of the Sheridan County Commissioners, and the Sheridan County Commissioners individually. Compl. Ex. 2, ECF No. 1. However, she never presented her notice of claim to the Sheridan County Clerk as required by the WGCA. *See generally* Compl., ECF No. 1.

Defendants have filed a motion of partial judgment on the pleadings, arguing that this Court should dismiss Ms. Phillips's negligence claims because she failed to present a notice of claim to the Sheridan County Clerk within two years of her injury as required by the WGCA. *See* Defs.'

---

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Fed.R.Civ.P. 12(d). This Court has excluded the Affidavit and has not considered it while deciding this motion.

Mem. 5, ECF No. 10. Ms. Phillips argues that the WGCA provision requiring presentation of a notice of claim to the county clerk does not apply to her claim because her claim existed prior to the July 1, 2010 amendment defining a county's business office as the county clerk's office. *See* Pl.'s Resp. 3, ECF No. 15. She points to a statute that provides that no statutory amendment affects causes of action existing at the time of the amendment unless the amending statute expressly states otherwise. *See* Wyo. Stat. Ann. § 8–1–107 (2011). According to Ms. Phillips, her cause of action existed on June 20, 2010, the date of her injury, and thus the July 1, 2010 amendment to the WGCA did not affect her. *See* Pl.'s Resp. 3–6, ECF No. 15.

## DISCUSSION

■ The dispositive issue here is whether a cause of action under the WGCA exists at the time of the claimant's injury or at the time the claimant presents a proper notice of claim. This Court has found no Wyoming Supreme Court case directly addressing this issue. If the highest court of a state whose law is being applied by a federal court has not definitively decided the issue presented, the federal court must determine what decision the highest state court would make if faced with the same facts and issues. *See Progressive Cas. Ins. Co. v. Engemann,* 268 F.3d 985, 987–88 (10th Cir.2001). Predicting how the Wyoming Supreme Court would rule, this Court holds that a person's cause of action under the WGCA does not exist until the person presents a proper notice of claim.

One method for determining when a cause of action exists is by looking at that phrase's definition. Although Wyoming does not statutorily define "cause of action," it does provide that "technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." Wyo. Stat. Ann. § 8–1–103 (2011). "Cause of action" is a technical legal phrase meaning "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person." *Black's Law Dictionary* 251 (9th ed. 2009). The Wyoming Supreme Court has held that proper presentment of a notice of claim is one of the operative facts that must exist before a person can bring suit under the WGCA. *See Wooster v. Carbon Cnty. Sch. Dist. No. 1,* 109 P.3d 893, 895 (Wyo.2005) (holding "presentment . . . is a condition precedent to suit"); *Price v. State Highway Comm'n,* 62 Wyo. 385, 167 P.2d 309, 312 (1946) (stating that presentment of a notice of claim is a condition to the right to sue). These cases support the conclusion that a person has no cause of action under the WGCA until the person has properly presented a notice of claim.

Another way to determine when a cause of action exists is by reference to the statute of limitations, which generally begins to run when the cause of action comes into existence. *See Reed v. Cloninger,* 131 P.3d 359, 365 (Wyo.2006). The statute of limitations starts running on claims under the WGCA "*after the date the claim is filed* pursuant to [the notice of claim procedures]." Wyo. Stat. Ann. § 1–39–114 (2011) (emphasis added). This is further evidence that a cause of action under the WGCA comes into existence at the time of filing and reinforces this Court's conclusion that, under the WGCA, a person is not entitled to sue anyone—the person has no cause of action—until the person has properly presented a notice of claim.

Applying this Court's holding, Ms. Phillips's negligence cause of action could not have existed until after the July 1, 2010 amendment to the WGCA because she did

not attempt to present her notice of claim until November 4, 2011. Thus, because her cause of action did not exist prior to the amendment, she was subject to that change in the WGCA requiring her to present her notice of claim to the Sheridan County Clerk within two years of her injury, which she failed to do. The Wyoming Supreme Court has held that a person's failure to properly present a notice of claim under the WGCA within two years of injury dooms the person's claim. *See Wooster v. Carbon Cnty. Sch. Dist. No. 1*, 109 P.3d 893, 895 (Wyo.2005) ("[A] defective notice of claim cannot be cured via the relation-back doctrine by presentment of a non-defective notice of claim after the period has passed...."). This Court therefore grants Defendants' motion and dismisses Ms. Phillips's negligence claims.

## CONCLUSION

The Court grants Defendants' motion and dismisses Ms. Phillips's negligence claims because Ms. Phillips failed to present her notice of claim to the Sheridan County Clerk within two years of her injury as required by the Wyoming Governmental Claims Act. It is therefore

ORDERED that Defendants' motion for partial judgment on the pleadings is GRANTED.